J-S69008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ARNALDO TORRES SANTIAGO | |
| Appellant | No. 2448 EDA 2013 |

Appeal from the PCRA Order August 6, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0802161-2006

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and STABILE, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 13, 2015**

Appellant, Arnaldo Torres Santiago, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On April 23, 2006, Appellant fatally shot the victim, Omar Rodriquez, in the head.  Appellant was convicted in a bench trial on December 12, 2007, of first-degree murder, firearms not to be carried without a license, carrying firearms in public in Philadelphia, and possessing instruments of crime.  That same day, the court sentenced Appellant to life imprisonment for the murder

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

conviction, plus a concurrent aggregate term of five and one-half (5½) to eleven (11) years' imprisonment for the remaining offenses. This Court affirmed Appellant's judgment of sentence on August 28, 2009, and our Supreme Court denied allowance of appeal on March 22, 2010. Appellant filed a petition for writ of *certiorari* to the United States Supreme Court, which was denied on October 4, 2010. *See Santiago v. Pennsylvania*, ___ U.S. ___, 131 S.Ct. 155, 178 L.Ed.2d 93 (2010).

Appellant filed a *pro se* PCRA petition, and an amended *pro se* petition. The PCRA court appointed counsel; however, Appellant filed a petition to proceed *pro se*. Following a *Grazier*[2] hearing, the PCRA court permitted Appellant to proceed *pro se* on September 17, 2012. Thereafter, Appellant filed a *pro se* supplemental amended PCRA petition. The PCRA court issued notice on June 4, 2013, of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response on July 19, 2013, and the PCRA court formally dismissed Appellant's petition on August 6, 2013. Appellant timely filed a notice of appeal on August 21, 2013.

Appellant raises the following question for our review:

> DID THE PCRA COURT ABUSE ITS DISCRETION IN DENYING THE PCRA [PETITION] IN THIS INSTANT CASE? [WERE] TRIAL COUNSEL AND DIRECT APPEAL COUNSEL INEFFECTIVE?

---

[2] *Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1998).

(Appellant's Brief at 1).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. ***Commonwealth v. Conway***, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa.Super. 2012).

Appellant argues ineffective assistance of trial/appellate counsel. Appellant contends counsel was ineffective for failing to preserve the argument that the gun and Mr. Samuel Gonzalez Rosario, the witness who hid the gun for Appellant, were fruit of the suppressed confession and should have been suppressed under the exclusionary rule. Appellant claims without his illegal confession the police would not have located Mr. Rosario and the

gun, and the court would not have convicted Appellant. Appellant also alleges counsel was ineffective for failing to cross-examine and impeach the ballistics expert based on the inaccuracy of his report, which stated the bullet fragments found at the crime scene matched the gun the police recovered from Mr. Rosario. Appellant additionally contends counsel should not have stipulated that the fragments came from the gun. Appellant further avers counsel was ineffective for stipulating to the report and findings of the Commonwealth's forensic pathologist expert witness. Appellant asserts counsel should have insisted that the toxicologist, whose report was introduced through the pathologist's report, testify at trial before the toxicology report was made part of the record, as the pathologist did not author the toxicology report. Appellant maintains he suffered prejudice because he was deprived of a fair trial and effective representation. Appellant concludes the PCRA court abused its discretion, and this Court should reverse the PCRA court's order, vacate his conviction, and remand for a new trial. We disagree.

The law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable

probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams, supra*.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [*Kimball, supra*], we held that a "criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

"[T]o succeed on an allegation of…counsel's ineffectiveness…a post-conviction petitioner must, at a minimum, present argumentation relative to each layer of ineffective assistance, on all three prongs of the ineffectiveness standard…." ***Commonwealth v. D'Amato***, 579 Pa. 490, 500, 856 A.2d 806, 812 (2004) (internal citations omitted). "[A] petitioner does not preserve a…claim of ineffectiveness merely by focusing his attention on whether…counsel was ineffective. Rather, the petitioner must also present argument as to how the second and third prongs of the ***Pierce*** test are met with regard to the…claim." ***Commonwealth v. Santiago***, 579 Pa. 46, 69, 855 A.2d 682, 696 (2004). "[A]n undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy [the petitioner's] burden of establishing that he is entitled to any relief." ***Commonwealth v. Bracey***, 568 Pa. 264, 273 n.4, 795 A.2d 935, 940 n.4 (2001).

Instantly, Appellant's argument on appeal baldly asserts trial/appellate counsel's ineffectiveness. Nevertheless, Appellant does not attempt to apply the standard governing review of ineffectiveness claims. The cursory analysis set forth in Appellant's brief does not adequately analyze his ineffectiveness claims under the second and third prongs of the applicable three-prong standard. ***See Santiago, supra; D'Amato, supra***. Thus, Appellant has arguably waived his ineffective assistance of counsel claims.

Moreover, with respect to Appellant's argument regarding suppression

of the gun and Mr. Rosario's testimony, this Court previously determined the suppression claim lacked substantive merit. Therefore, Appellant's claim lacks arguable merit in the context of ineffective assistance of counsel. Accordingly, the PCRA court properly dismissed Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2015