**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Richard BOYD, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 20, 2007.
Filed May 2, 2007.

Richard E. Boyd, appellant, Pro Se.

John C. Pettit, Asst. Dist. Atty., Washington, for Com., appellee.

BEFORE: STEVENS, ORIE MELVIN, and POPOVICH, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is a *pro se* appeal from the order entered by the Court of Common Pleas of Washington County on July 11, 2006, dismissing Appellant's second petition for relief filed pursuant to the Post–

Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541–9546. We affirm.

¶ 2 On December 1, 2000, a jury found Appellant guilty of two (2) counts of involuntary deviate sexual intercourse, one (1) count of statutory sexual assault, one (1) count of sexual assault, one (1) count of indecent assault, one (1) count of aggravated indecent assault, and one (1) count of corrupting the morals of a minor. Thereafter, on March 2, 2001, he was sentenced to an aggregate twelve (12) to twenty-six (26) year term of imprisonment. This Court affirmed the judgment of sentence on March 27, 2003, and the Supreme Court denied allowance of appeal on November 6, 2003. *Commonwealth v. Boyd,* 823 A.2d 1022 (Pa.Super.2003) (unpublished memorandum), *appeal denied,* 575 Pa. 695, 836 A.2d 121 (2003).

¶ 3 On March 10, 2004, Appellant filed a *pro se* petition for post-conviction relief. Counsel was appointed and, later, filed a no-merit letter and motion to withdraw as counsel pursuant to *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988). Thereafter, the court granted counsel's request to withdraw and denied Appellant's petition for relief. This Court later affirmed the court's decision. *Commonwealth v. Boyd,* 881 A.2d 879 (Pa.Super.2005) (unpublished memorandum).

¶ 4 On February 2, 2006, Appellant filed the present *pro se* petition for post-conviction relief, which was dismissed by the court as untimely on July 11, 2006.[1] The present appeal followed.[2]

1. A review of the record reveals that the PCRA court failed to issue notice of its intent to deny the PCRA petition as is required by Pa.R.Crim.P. 907. Although the notice requirement set forth in Rule 907 has been held to be mandatory, *see Commonwealth v. Feighery,* 443 Pa.Super. 327, 661 A.2d 437 (1995) *(Feighery* discussed Pa.R.Crim.P. 1507, which was renumbered as Rule 907 as of April 1, 2001), Appellant has not objected to its omission and thereby has waived the issue. *See Commonwealth v. Williams,* 909 A.2d 383 (Pa.Super.2006); *see also Commonwealth v. Guthrie,* 749 A.2d 502 (Pa.Super.2000). Moreover, the Supreme Court has indicated, on at least one occasion, that when a PCRA petition is untimely filed, the failure to provide such notice is not reversible error. *Commonwealth v. Pursell,* 561 Pa. 214, 749 A.2d 911 (2000); *see also Commonwealth v. Davis,* 916 A.2d 1206 (Pa.Super.2007).

2. By Opinion issued October 24, 2006, the court, in addressing Appellant's appeal, noted that, pursuant to, *inter alia, Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), Appellant's issues should be deemed waived and the appeal be dismissed due to Appellant's failure to comply with the court's August 12, 2005 order to file a concise statement of matters complained of on appeal. With regard to an order of court, we recognize that:

Pennsylvania Rule of Criminal Procedure 114 provides that the clerk of courts shall promptly serve a copy of any order or court notice on each party's attorney, or the party if unrepresented. Pa.R.Crim.P. 114(B)(1)(2).... The rules provide that where a party is unrepresented, service shall be in writing by sending a copy of the order by certified, registered, or first class mail addressed to the party's place of residence, business, or confinement. Pa.R.Crim.P. 114(B)(3)(a)(v). A docket entry shall promptly be made containing the date and manner of service of the order. Pa.R.Crim.P. 114(C).

*Commonwealth v. Hart,* 911 A.2d 939, 940 (Pa.Super.2006).

Herein, a review of the docket sheet evidences the court's August 21, 2006 issuance of an order directing Appellant to file a concise statement of matters complained of on appeal within fourteen (14) days after entry of the order. An added notation to this entry indicates that the order was delivered by hand to the district attorney and public defender on August 22, 2006. There is nothing in the record, however, to indicate that subsequent to Appellant's filing of his second PCRA petition, a public defender or any attorney was appointed to represent him with regard to this matter. Particularly telling in this regard is an earlier docket entry concerning the court's July 11, 2006 order denying Appellant's second PCRA petition. The entry indicates that copies were sent to the district

¶ 5 Initially, we note that in reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to determining whether the evidence of record supports the determination of the PCRA court, and whether the ruling is free of legal error. *Commonwealth v. Liebel,* 573 Pa. 375, 379, 825 A.2d 630, 632 (2003). Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. *Commonwealth v. Wilson,* 824 A.2d 331, 333 (Pa.Super.2003).

¶ 6 It is a well-settled principle of law that if a PCRA petition is untimely filed, a court lacks jurisdiction to address the claims contained therein. *Commonwealth v. Gamboa–Taylor,* 562 Pa. 70, 753 A.2d 780 (2000). Therefore, we must first determine whether Appellant's petition was filed in a timely manner.

¶ 7 The Legislature, on November 17, 1995 and effective sixty days thereafter, modified the requirement of when a PCRA petition must be filed. *See* 42 Pa.C.S.A. § 9545(b); *see also Commonwealth v. Crider,* 735 A.2d 730, 732 (Pa.Super.1999) (discussing implementation and mandate of 1995 alterations to Section 9545 of the PCRA). Title 42 Pa.C.S.A. § 9545(b)(1) provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one

year of the date the judgment becomes final. . . ." Pursuant to 42 Pa.C.S.A. § 9545(b)(3), "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."

¶ 8 In the case *sub judice,* the record reveals that Appellant's judgment of sentence became final after the Supreme Court denied allowance of appeal on November 6, 2003, and the time for filing a petition for writ of *certiorari* to the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Supreme Court Rule 13 (effective January 1, 1990) (petition for writ of *certiorari* is deemed timely when filed within 90 days after discretionary review is denied by the Pennsylvania Supreme Court). Thus, in order to satisfy the above-discussed timeliness requirement, Appellant was required to file his PCRA petition within one year from February 4, 2004. Because his present petition was filed on February 2, 2006, clearly more than one year from the date his judgment became final, on its face, the petition is untimely.[3]

¶ 9 42 Pa.C.S.A. § 9545(b)(1), however, provides the following three excepted circumstances wherein a petition that is filed in an untimely manner may be considered by the court:

attorney and "deft"; not a public defender or Appellant's attorney. Moreover, in Appellant's reply brief, he asserts, *inter alia,* that he "never received the 8/21/06 *ORDER* to file any concise statement." Reply Brief of Appellant at 2. Finding that the proper procedural requirements for waiver under Rule 1925(b) were not met in this case, we decline to find waiver of the issues raised on appeal. *See Id.*

3. There exists, however, a *proviso* to the 1995 amendments which provides a grace period for petitioners whose judgments became final

on or before the effective date of the amendments. An otherwise untimely petition is deemed timely provided the petition is a first petition filed within one year following the effective date of the amendments. Act of November 17, 1995, P.L. 1118, No. 32 (Spec.Sess. No. 1), § 3(1); *see Commonwealth v. Thomas,* 718 A.2d 326 (Pa.Super.1998) *(en banc).* Herein, Appellant's petition does not meet the *proviso's* requirements in that his judgment of sentence became final after the effective date of the amendments and this is his second petition.

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(i), (ii), (iii).

¶ 10 In the present case, Appellant suggests that the after-recognized constitutional right exception is applicable in this matter. In support of his position, he points to the United States Supreme Court's ruling in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and argues that the Court's decision therein renders his current sentence unconstitutional, illegal, and in need of correction.

¶ 11 In *Blakely,* the Supreme Court considered the constitutionality of Washington State's determinate guidelines sentencing scheme in light of the particular facts of Mr. Blakely's case. The Court stated that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 302, 124 S.Ct. 2531. In *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court, expounding on the reasoning of *Blakely,* stated that "any fact, other than a prior conviction, 'which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.' " *Commonwealth v. Reid,* 867 A.2d 1280, 1284–1285 (Pa.Super.2005), *quoting Booker,* 543 U.S. at 225, 125 S.Ct. 738.

¶ 12 In *Commonwealth v. Moss,* 871 A.2d 853 (Pa.Super.2005), this Court had occasion to consider the *Blakely* decision in the context of an untimely PCRA petition. Therein, an appellant sought review of his enhanced sentence via a PCRA petition. When such petition was dismissed as untimely filed, he appealed to this Court, contending, *inter alia,* that the Supreme Court's decision in *Blakely* constituted an after-recognized constitutional right within the purview of 42 Pa.C.S.A. § 9545(b)(1)(iii) and, therefore, his case fell within one of the recognized exceptions to the timeliness requirements of the PCRA.

¶ 13 This Court noted that "the *Blakely* decision is a procedural rule that the United States Supreme Court did not designate to apply retroactively." *Id.* at 857. Thus, the Court, in affirming the dismissal of the appellant's PCRA petition as untimely filed, held, *inter alia,* that: "Moss, whose direct appeal period expired, cannot claim the after-recognized constitutional right exception to the timing requirement of the [PCRA]." *Id.* at 859.

¶ 14 Herein, Appellant's direct appeal period expired prior to June 24, 2004, the date on which *Blakely* was rendered. Consequently, Appellant cannot claim that the holding therein constitutes an after-recognized constitutional right.

¶ 15 In addition, the Court in *Booker* held that the principles espoused in *Blakely* apply to the federal sentencing guidelines, because these guidelines are a determinate sentencing scheme. *Booker,* 543 U.S. at 233, 125 S.Ct. 738. The Court

added that the result would be different if the federal guidelines were merely advisory rather than mandatory. *Id.* In accord with this reasoning, this Court has held that *Blakely* has no application in Pennsylvania, which follows an indeterminate sentencing scheme. *Commonwealth v. Bromley,* 862 A.2d 598 (Pa.Super.2004).

¶ 16 Finally, any petition invoking an exception to the PCRA's timing provisions must be filed within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2); *see also Commonwealth v. Lark,* 560 Pa. 487, 494, 746 A.2d 585, 588 (2000) (a petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day timeframe). With regard to an after-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision. *Commonwealth v. Baldwin,* 789 A.2d 728 (Pa.Super.2001).

¶ 17 As noted above, the decision in *Blakely* was rendered on June 24, 2004. In that Appellant did not file his PCRA petition until February 2, 2006, his claimed exception was filed in an untimely manner.

¶ 18 In view of the above, Appellant's claim that the pronouncement in *Blakely* constitutes an after-recognized constitutional right is without merit. Accordingly, having found that Appellant's petition was filed in an untimely manner and that no exceptions apply, we affirm the order of the PCRA court dismissing Appellant's petition for relief.[4]

¶ 19 Affirmed.

---

4. We note that, to the extent Appellant claims that counsel was ineffective for failing to insure that he received a prompt trial pursuant to Pa.R.Crim.P. 600, allegations of ineffective assistance of counsel alone do not save an otherwise untimely PCRA petition for review on the merits. *See Gamboa–Taylor, supra.*