J-S28037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LUIS HERNANDEZ | |
| Appellant | No. 2014 MDA 2014 |

Appeal from the PCRA Order November 6, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CR-67-CR-0000737-2006

BEFORE: BOWES, J., ALLEN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:         **FILED JULY 10, 2015**

Luis Hernandez appeals from the trial court's order denying his third petition, filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, as untimely. Upon review, we affirm.

On November 8, 2006, Hernandez was sentenced to an aggregate term of 14-28 years' incarceration,[1] after having been convicted by a jury of robbery (F-1)[2] and aggravated assault (F-1).[3] Hernandez filed an unsuccessful post-sentence motion on November 20, 2006. On December 4, 2006, Hernandez filed a notice of appeal; our Court affirmed his judgment of

---

[1] Hernandez was also ordered to pay $1,600 in restitution to his victim.

[2] 18 Pa.C.S. § 3701(a)(1)(ii).

[3] 18 Pa.C.S. § 2702(a)(2).

sentence on February 27, 2008. Hernandez filed two unsuccessful PCRA petitions in August 2008 and November 2009. Hernandez filed collateral appeals from the orders denying PCRA relief; our court affirmed the PCRA court orders in 2011 and 2012. On October 31, 2014, Hernandez filed the instant PCRA petition. On November 14, 2014, the trial court denied the petition, without a hearing, concluding it was untimely.

Instantly, Hernandez's sentence became final on March 27, 2008, when the time within which he had to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired. *See* Pa.R.A.P. 1113. Hernandez filed his petition on October 31, 2014, more than six and a half years after that date; therefore, his petition is facially untimely.

Hernandez, however, contends that his petition, which raises an *Alleyne*[4] issue, falls within the "new constitutional right" exception to the PCRA timeliness requirements. *See* 42 Pa.C.S. § 9545(b)(1)(iii). We note that a petition invoking an exception to the PCRA's time bar must be filed within sixty days of the date the claim could first have been presented. *See* 42 Pa.C.S. § 9545(b)(2). The United States Supreme Court decided *Alleyne* on June 17, 2013. Hernandez did not file the instant PCRA petition

---

[4] In *Alleyne v. United States*, 133 S.Ct. 2151 (2013), a case concerning the application of a federal mandatory minimum statute, the Supreme Court held that any fact that triggers an increase in the mandatory minimum sentence for a crime is necessarily an element of the offense. *Id.* at 2163-64.

until October 13, 2014 – more than sixteen months after *Alleyne* was decided. As such, Hernandez did not file his claim within the time prescribed under section 9545(b)(2). *See Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) ("With regard to an after-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision."). Accordingly, we find that Hernandez's petition is untimely, does not properly invoke a timeliness exception under section 9545(b), and that the trial court correctly denied his petition for lack of jurisdiction.[5] *Robinson*, *supra*.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2015

_____

[5] Contrary to Hernandez's belief that the trial court applied the deadly weapon enhancement to his sentence, the record reflects that it was not applied to his sentence. Moreover, in *Commonwealth v. Ali*, 2015 PA Super 45 (Pa. Super. 2015), our Court recently held that because an enhancement simply "directs a sentencing court to consider a different range of potential minimum sentences," *id.* at *36, and does not mandate a particular sentence, the parameters of *Alleyne* do not apply to enhancement sentences. Therefore, even if the trial court had applied the deadly weapon enhancement to Hernandez's sentence, it would not implicate the concerns in *Alleyne*.