J-S18036-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :             PENNSYLVANIA
                Appellee         :
                                 :
        v.                       :
                                 :
CONRAD JARVIS CORLEY             :
                                 :
                Appellant        :     No.  1197 MDA 2015

Appeal from the Order Entered January 23, 2015
in the Court of Common Pleas of Northumberland County,
Criminal Division, at No(s): CP-49-CR-0000353-2007

BEFORE:    BOWES, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:            **FILED MARCH 09, 2016**

Conrad Jarvis Corley (Appellant) appeals from the order entered on January 23, 2015, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.   After careful review, we affirm.

The facts underlying Appellant's conviction can be summarized as follows. On the morning of December 18, 2006, police officers arrived at Appellant's residence to execute an arrest warrant for Maria Petruskevich. After officers knocked on his front door for several minutes, Appellant opened the door, appearing as though he had just gotten out of bed. Appellant admitted the police officers into the residence.

> While conducting a protective sweep of the residence, an officer observed drugs and drug paraphernalia scattered on the floor in [Appellant's] bedroom.  The officer seized all of the items that were in plain view.

*Retired Senior Judge assigned to the Superior Court.

In sum, police discovered twenty-nine small bags of heroin, three prescription pill-bottles containing narcotic medications, marijuana, a glass pipe used to smoke crack-cocaine, two bent spoons used to liquefy heroin, a syringe, empty plastic bags, and a wallet containing $1,871.00 in cash.

Based upon that evidence, [Appellant] was charged with possession with intent to deliver ("PWID") and other drug-related offenses.

\*\*\*

At the conclusion of his jury trial, Appellant was adjudicated guilty of PWID (heroin), [one count] of possession of heroin, possession of an adulterated controlled substance, possession of marijuana, and possession of drug paraphernalia.

Thereafter, [Appellant] waived his right to counsel and proceeded to sentencing *pro se*, although standby counsel was present. The hearing was held on November 10, 2008, after which, [Appellant] was sentenced to a term of imprisonment of 93 to 189 months. [Appellant did not file a post-sentence motion, but timely filed a direct appeal.]

*Commonwealth v. Corley*, 23 A.3d 560 (Pa. Super. 2010) (unpublished memorandum at 1-2).

On December 7, 2010, a panel of this Court affirmed Appellant's judgment of sentence, and on July 13, 2011, our Supreme Court denied Appellant's petition for allowance of appeal. *Id*., *appeal denied*, 24 A.3d 361 (Pa. 2011).

On August 15, 2011, Appellant timely filed *pro se* a PCRA petition. Counsel was appointed on July 29, 2013.[1] On December 4, 2013, counsel filed an amended PCRA petition. That petition asserted trial counsel's ineffective assistance with respect to interviewing witness Maria Petruskevich prior to trial. An evidentiary hearing was held on July 8, 2014, and on January 23, 2015, the PCRA court denied Appellant's petition for PCRA relief.

Appellant timely filed a notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents one question for our review: "Whether the court erred in finding [Appellant's] trial counsel effective when [Appellant's] attorney failed to interview and investigate the Commonwealth's primary witness?" Appellant's Brief at 4.

In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa. Super. 2007).

---

[1] It is not clear from the record why counsel was not appointed until almost two years after the filing of Appellant's petition.

- 3 -

As Appellant's claim alleges the ineffective assistance of trial counsel, we set forth the well-settled principles of law. In reviewing the PCRA court's denial of such a claim, we bear in mind that counsel is presumed to be effective. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). To overcome this presumption, Appellant bears the burden of proving the following: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." *Id.* Appellant's claim will be denied if he fails to meet any one of these three prongs. *Id.*

The PCRA court summarized the circumstances underlying Appellant's issue.

> [Appellant's jury trial was set to begin on September 23, 2008.] The day before the 23rd, [Assistant District Attorney Cole (ADA Cole)] received word from a witness, Maria Petruskevich, that she would be available to testify the next day concerning [Appellant's] delivery of heroin at or around the time of the incident in question. [ADA] Cole prepared a 404(b)(4) notice and submitted the same to [Appellant's attorney, Attorney Ulmer,] via facsimile approximately fifteen minutes before [c]ourt closed. [ADA] Cole urged the [c]ourt to accept the evidence and argued that evidence of prior drug sales was admissible and cited case law to demonstrate his point. The [c]ourt interjected the notion that there was no surprise because the name of Ms. Petruskevich was known. [Attorney] Ulmer responded that although Ms. Petruskevich was known to the defense, she was not known for this purpose. Specifically, [Attorney] Ulmer argued that there had been no indication that Ms. Petruskevich would be material to the case *vis-à-vis* identifying [Appellant] as delivering heroin. [Attorney] Ulmer knew Ms. Petruskevich was involved because it was on a warrant

- 4 -

for her arrest that the officers responded to [Appellant's] residence at all in December of 2006.[1]

> [1]Though noted above, this fact bears mentioning again. The entirety of the witness' involvement in the case was as the individual the police were searching for when they first encountered [Appellant]. Evidence of a drug-related relationship was absent, evidence of any knowledge on the part of the witness which in any way could incriminate [Appellant] was utterly absent from the case.

[Attorney] Ulmer testified that he believed he was being sandbagged by [ADA] Cole. He indicated that he was unprepared to effectively cross-examine Ms. Petruskevich. He felt that he needed a trial continuance in which to prepare. [ADA] Cole affirmed that he only came to interview Ms. Petruskevich the day before the trial, [and] according to him, the knowledge that Ms. Petruskevich was an eye-witness to [Appellant's] delivery of heroin was new information to [ADA] Cole. In other words, he first learned this fact the day before trial. The [trial c]ourt denied the continuance, indicating that the witness was known to both sides for some time and that the use of the witness was a matter of Commonwealth strategy.

The jury was sworn, and the [trial c]ourt gave its opening instructions. At the conclusion of which, immediately prior to [ADA] Cole beginning the Commonwealth's case, [Attorney] Ulmer requested a side bar.

At side bar, [Attorney] Ulmer indicated that after he explained to [Appellant] what had occurred in chambers and his own person[al] belief that he was being rendered ineffective by the [trial c]ourt's ruling, [Appellant] fired him. [Attorney] Ulmer expressed a concern that the jury may have heard [Appellant's] determination. The [trial c]ourt dismissed the jury to the jury room, and conducted a colloquy with [Appellant] regarding proper conduct in the courtroom. After having [Appellant] sworn, [Appellant] expressed his consternation at the notion that his counsel was ineffective.[2]

> [2]Testimony at the PCRA hearing indicated that [Appellant], subsequent to his trial, reviewed the

transcripts of [Attorney] Ulmer's interaction with the trial court in chambers. After his review of the transcripts, he wrote [Attorney] Ulmer a letter and apologized for the things [Appellant] had said and done in respect to [Attorney] Ulmer during the trial and after.

He also indicated a desire to represent himself[, stating,]

I understand also that if my lawyer, right, is not doing what I asked him to do regarding my defense because I know my rights is being totally violated, right, I have a right to fire him right? You know what I mean? I'll represent myself better than that.

The [trial c]ourt asked [Appellant] if it was his desire to terminate the representation of [Attorney] Ulmer? [Appellant] indicated "yes, sir." The [trial c]ourt accepted his decision and appointed [Attorney] Ulmer as stand-by counsel.

Immediately thereafter, [Attorney] Ulmer made yet another request that the [trial c]ourt continue the case so he could regroup with [Appellant]. The [trial c]ourt denied the same.

The [trial c]ourt again questioned [Appellant] regarding his decision to proceed without [Attorney] Ulmer's assistance. [Appellant] again indicated he wished to proceed *pro se*, and then indicated he wished to make several motions to the [trial c]ourt.

He made a motion to dismiss under Rule 600, a motion for a change of venue, and Baster motions (regarding lack of minority representation on the jury),[2] and a request for suppression. All motions were denied.

The [trial c]ourt ordered the jury to be returned. [ADA] Cole delivered his opening argument. [Appellant] addressed the jury in his *pro se* capacity. [Immediately thereafter, Appellant

_____

[2] Presumably, the PCRA court is referring to motions pursuant to ***Batson v. Kentucky***, 476 U.S. 79 (1986).

- 6 -

decided to reinstate Attorney Ulmer as his counsel. The trial court granted the request and permitted Attorney Ulmer to act as counsel for the rest of the trial.]

Ms. Petruskevich was the second witness called by the Commonwealth and her testimony indicated that [Appellant] provided her with heroin. She indicated that "a few times it was bought and a few times it was given [by Appellant]." She indicated she was a heroin addict at the time of the drug deal and that she has since reformed. On cross she indicated again that she was a heroin addict and that heroin affects the mind and the memory. She also testified that she was "in trouble" with the law as a result of her involvement with [Appellant]. On re-direct, she was asked if she had "an axe to grind" with [Appellant], and she indicated she did not.

At the PCRA hearing, [Attorney] Ulmer indicated that he was aware that Ms. Petruskevich was wanted by Northumberland County Adult Probation on a warrant at the time of the incident. He was also aware she was listed as a confidential informant for the police. He indicated that he did not believe she was important enough to be called as a witness. He testified that he told the trial court repeatedly that he was being rendered ineffective if the [trial c]ourt would not grant his continuance request. He testified that [Appellant] told him at trial that [Appellant] had a list of rebuttal witnesses who could challenge Ms. Petruskevich's credibility.

PCRA Court Opinion, 1/23/2015, at 1-4 (some quotations, citations, and footnotes omitted).

We first consider whether the failure of trial counsel to interview Ms. Petruskevich prejudiced Appellant.[3] "To demonstrate prejudice, the

---

[3] "A claim that trial counsel did not conduct an investigation or interview known witnesses presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation." *Commonwealth v. Stewart*, 84 A.3d 701, 712 (Pa. Super. 2013). Thus, Attorney Ulmer's failure to interview Ms. Petruskevich presents an issue of arguable merit. Moreover, we will assume *arguendo* that trial counsel's

petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." ***Commonwealth v. King***, 57 A.3d 607, 613 (Pa. 2012) (quotations and citations omitted).

Appellant argues that evidence of prejudice is clear because "trial counsel was unable to investigate rebuttal witnesses which [Appellant] had told him to call." Appellant's Brief at 12. At the PCRA hearing, Attorney Ulmer testified that had he known earlier that the Commonwealth planned to call Ms. Petruskevich, he would have "asked the [trial c]ourt to expend fees for an investigator" to interview her. N.T., 7/8/2014, at 8. Attorney Ulmer also testified that Appellant told him about some rebuttal witnesses, but there was no time to interview them on the eve of trial. ***Id***. at 13. Appellant testified that once he learned that Ms. Petruskevich was going to testify against him, he told Attorney Ulmer that he "had Darryl Fife, Joey Feudale, and maybe a couple other people that [he] could have brought to court to discredit her testimony[.]" ***Id***. at 42.

In considering this issue, we bear in mind that Appellant was convicted of five separate counts. The only count to which Ms. Petruskevich's

---

rationale for failing to interview her, *ie*. that she was not important enough, was unreasonable.

testimony was related was PWID (heroin). The trial court charged the jury as follows with respect to this count:

> In order for a person to be convicted of possession of a controlled substance with intent to deliver, the following four elements must be proved to you beyond a reasonable doubt:
>
> First, that the item, in fact, is a controlled substance. And that substance as I have pointed out is heroin and it's a controlled substance under Pennsylvania law.
>
> Second, that the item was possessed by [Appellant].
>
> Third, that [Appellant] was aware of the item's presence and that the item, in fact, was the controlled substance charged.
>
> And fourth, that [Appellant] possessed this item with the specific intent to deliver the item to another person.
>
> ***
>
> [T]here are basically three ways to determine whether [the intent to deliver] exists. The first is where [Appellant] is proved beyond a reasonable doubt to have engaged in the actual delivery of drugs. The second is where [Appellant] is proved to have expressed his intent to deliver. The third way recognizes that ordinarily it is not possible to prove intent by direct evidence.
>
> However, intent like any other matter may be proven by circumstantial evidence. … In determining whether it has been proven that [Appellant] had the intent to deliver the substance and not merely the intent to retain it for personal use, you should consider all the evidence including the evidence as to the quantity and quality of the items, in this case heroin, the monetary value, [Appellant's] circumstances, and the circumstances of possession.

N.T., 9/23/2008, at 181-83.

At trial, in addition to Ms. Petruskevich's testimony about Appellant's actual delivery of heroin, the jury heard other testimony about the heroin that was found in Appellant's bedroom. Todd Owens, a police officer who is a member of the Northumberland County/Montour County Drug Task Force, testified that he found three containers in Appellant's bedroom, each containing nine or ten foil packets.[4] Owens testified about what this packaging means:

> Generally in a situation like this these were obtained from a source city, Reading or Philadelphia, Newark, somewhere -- one of the larger cities. And the reason for that is generally a bundle or a deck as some of the slang term[s] for heroin each one of these silver packs contained as I said ten and in one case one contained nine.

> Through investigations with other agencies we've seen as high as 12 and as little as 9 in a bundle. It all depends on the person that someone is buying from if they're going to get a little bit of a better deal or not.

> So that's a general good rule of thumb that these bundles contain ten individual. And I refer to them as bags. In this situation they were small little pieces of foil similar to if you crumbled up a small gum wrapper.

> ***

> Generally in our area this would be -- this would be more consistent with someone who is a supplier [rather] than just a mere user.

N.T., 9/23/2008, at 105-106.

---

[4] John Evans, a forensic scientist supervisor with the Pennsylvania State Police, testified that the 29 foil packets containing off white powder found in Appellant's bedroom all tested positive for heroin.

Owens further testified about the $1,871 in cash found in Appellant's wallet. That amount included "numerous hundred dollar bills, fifties, and then there's some smaller denominations…." *Id*. at 109. Owens indicated that this distribution indicated that Appellant was purchasing large amounts of heroin from source cities because those transactions usually took place with $100 bills, rather than smaller denominations. *Id*. at 110. Owens also noted that there were several prescription pain medications found as well, which meant "it wouldn't be necessary to get heroin if you're already prescribed and you have a legal prescription to possess controlled substances." *Id*. at 112.

The jury could have found that Appellant guilty of PWID based only upon this testimony.[5] Accordingly, we conclude that Appellant did not suffer prejudice by Attorney Ulmer's failing to interview Ms. Petruskevich prior to trial. In other words, we cannot say there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" had Attorney Ulmer interviewed Ms. Petruskevich. *King*, 57 A.3d at 613. The evidence found in Appellant's bedroom was sufficient and overwhelming evidence of Appellant's intent to deliver heroin.

---

[5] At trial, Appellant testified that he was a drug user, not a drug dealer. He stated that there was a party at his house the night before and everybody was "getting high." N.T., 9/23/2008, at 133. He testified that he "shot six bags of heroin in one shot" and that between midnight and 9:00 a.m. that morning, he "ingested 29 to 39 bags of heroin." *Id*. at 136. He also testified he had withdrawn $2,000 from his bank account days earlier to buy gifts for his children. *Id*. at 138.

Even if Appellant had interviewed Ms. Petruskevich, and therefore had the opportunity to learn of rebuttal witnesses, Appellant's proof at this juncture is woefully deficient.

> In order to prevail on a claim of ineffectiveness for failing to call a witness, a defendant must prove, in addition to meeting the three [aforementioned] requirements, that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the witness's testimony was so prejudicial as to have denied him a fair trial.

*Commonwealth v. Walls*, 993 A.2d 289, 302 (Pa. Super. 2010) (citing *Commonwealth v. Wright*, 961 A.2d 119, 155 (Pa. 2008)) (citations omitted). Moreover, "Pa.R.Crim.P. 902(A)(15) states that a petition seeking an evidentiary hearing shall include 'a signed certification as to each intended witness, stating the witness's name, address, and date of birth, and the substance of the witness's testimony. Any documents material to the witness's testimony shall also be included in the petition[.]'" *Commonwealth v. Pander*, 100 A.3d 626, 640 (Pa. Super. 2014). In *Pander*, this Court also clarified that such certifications do not need to be in the form of affidavits. *Id*.

Appellant's PCRA petition did not contain the names of these witnesses, let alone certifications about their availability, willingness to testify, or what they would have actually testified about. Accordingly,

Appellant is not entitled to relief on his claim of ineffective assistance of counsel.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/9/2016