J-S46033-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
　　　　　　　　Appellee :
:
v. :
:
RODNEY BEVINS, :
:
　　　　　　　　Appellant : No. 3524 EDA 2015

Appeal from the PCRA Order October 26, 2015,
in the Court of Common Pleas of Montgomery County
Criminal Division, at No(s): CP-46-CR-0004059-2014

BEFORE: BENDER, P.J.E., OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED JULY 25, 2016**

Rodney Bevins (Appellant) appeals *pro se* from the October 23, 2015 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court set forth the relevant factual and procedural background of this case as follows:

> On September 25, 2014, [Appellant] entered into a negotiated guilty plea in which he agreed to plead guilty to one count of possession with intent to deliver. As part of the plea, [Appellant] admitted that on February 6, 2014, a search of his cell at SCI-Graterford revealed that he possessed 125 Xanax pills and then gave a statement indicating that those pills were going to be delivered to other people. In return for [Appellant's] admission of guilt, he agreed to a term of 7½ to 15 years' imprisonment, to run concurrent with any previously imposed sentence he was currently serving at the time he entered his plea. [Appellant] did not file a direct appeal.
>
> On July 21, 2015, [Appellant] filed a timely first *pro se* PCRA petition, which is the subject of this appeal. Counsel was

─────────────────────────

*Retired Senior Judge assigned to the Superior Court.

appointed to assist Appellant with his petition. After a conscientious review of the record, PCRA counsel determined all issues lacked merit and submitted a no-merit letter dated October 6, 2015, also, seeking to withdraw.

In accordance with Pa.R.Crim.P. 907, [the PCRA court] issued a pre-dismissal notice dated October 7, 2015, in which [Appellant] was notified of the proposed dismissal and of his right to file a response.[1] On October 20, 2015, [Appellant] did file a response entitled "Objection to Rule 907." Subsequently, [the PCRA court] issued a final order of dismissal dated October 23, 2015. On November 20, 2015, [Appellant] filed this timely *pro se* appeal.

PCRA Court Opinion, 12/31/2015, at 1-2 (citations omitted).[2]

Appellant states the following issue for this Court's review: "Did the [PCRA court] err in not correcting an illegal sentence?" Appellant's Brief at iii.

Our standard of review of an order dismissing a PCRA petition is well-settled. In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa. Super. 2007).

---

[1] The PCRA court simultaneously granted counsel's request to withdraw.

[2] Both Appellant and the PCRA court complied with the mandates of Pa.R.A.P. 1925.

Here, Appellant argues that his mandatory minimum sentence is illegal pursuant to the holding in **Alleyne v. United States**, 133 S.Ct. 2151 (2013). However, our review of the record shows that, despite his protestations to the contrary, Appellant was not sentenced under any mandatory minimum provision.[3] As the PCRA court noted, Appellant's sentence was entered pursuant to a negotiated plea deal, where he received a sentence within the guidelines. PCRA Court Opinion, 12/31/15, at 1-3. Further, the record indicates the Commonwealth never filed a notice of its intent to seek a mandatory minimum sentence. **Id.** at 3.

Accordingly, we find that the PCRA court properly dismissed Appellant's petition, and as such, we affirm.

Order affirmed.

---

[3] In his brief, Appellant seems to proffer the argument that his prior record score, used to determine his sentencing guidelines, is an "enhancement provision" which "jells a mandatory minimum stature [*sic*]" and is therefore unconstitutional in accordance with **Alleyne**. **See** Appellant's Brief at 1. We find this argument to be unpersuasive, not supported by case law, and an inaccurate interpretation of the United States Supreme Court's holding in **Alleyne**.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 7/25/2016