J-S07038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BASSAM YAKTEEN | : | |
| | : | |
| Appellant | : | No. 701 WDA 2020 |

Appeal from the PCRA Order Entered June 8, 2020
In the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000057-2017

BEFORE: SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: April 16, 2021**

Appellant, Bassam Yakteen, appeals from the order entered in the Clarion County Court of Common Pleas, which dismissed his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On March 9, 2017, the Commonwealth filed a criminal information charging Appellant with various sex offenses related to his abuse of a minor female. Following trial, a jury convicted Appellant of multiple counts of rape of a child, statutory sexual assault, sexual assault, indecent assault, and conspiracy.  On February 7, 2018, the court sentenced Appellant to an aggregate term of

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

eighteen (18) to thirty-six (36) years' imprisonment. Appellant did not file a notice of appeal.[2]

Appellant timely filed a *pro se* PCRA petition on October 24, 2018. The court appointed counsel, who filed an amended PCRA petition on March 8, 2019. In the amended petition, Appellant alleged trial counsel was ineffective for failing "to obtain and/or pursue in discovery, and/or fail[ing] to introduce at trial, a medical report[3] prepared after an examination of the alleged victim proving that the alleged minor victim … had never had sexual intercourse." (Amended PCRA Petition, filed 3/8/19, at ¶9). Further, Appellant did not possess the report, because he did not obtain any legal documents prior to leaving for state prison. Consequently, Appellant requested that the Commonwealth or trial counsel produce the report. Following a hearing, the Commonwealth produced the report, and the court granted Appellant a continuance to examine the report.

On June 25, 2019, Appellant filed a motion for the appointment of an expert. Appellant indicated that he had found a qualified sexual assault nurse examiner ("SANE"), Dr. Suzanne Rotolo, to review the report and render an

---

[2] The Commonwealth filed a post-sentence motion, which the court denied on March 9, 2018.

[3] Although Appellant initially referred to this item as a "medical" report, it is actually a forensic examination report authored by a nurse examiner. (**See** Commonwealth's PCRA Exhibit 1). The examination occurred on December 8, 2016, despite the fact that the abuse occurred between November 2015 and March 2016.

expert opinion regarding its contents. Appellant also explained that Dr. Rotolo's opinion was necessary to support his claim of trial counsel's ineffectiveness. On July 9, 2019, the court granted Appellant's motion for the appointment of Dr. Rotolo.

On December 5, 2019 Appellant filed a second amended PCRA petition. In it, Appellant highlighted Dr. Rotolo's conclusions about the examination report. Specifically, Dr. Rotolo found that the "examination was normal, with no acute or healed findings, and there were no objective findings to support the allegation of penetration of the vagina." (Second Amended PCRA Petition, filed 12/5/19, at ¶13(D)). In light of Dr. Rotolo's findings, Appellant insisted that the report would have been beneficial to his defense at trial. Appellant emphasized that the Commonwealth's evidence "was essentially verbal allegations against [Appellant], which [Appellant] has vigorously denied, and there was no scientific or forensic evidence offered by the Commonwealth…."[4] (*Id.* at ¶14). Appellant concluded trial counsel was ineffective for failing to: 1) investigate the examination report; 2) seek an expert witness to review the report; and 3) secure expert testimony regarding the contents of the report.

By order entered December 11, 2019, the court accepted Appellant's second amended petition and ordered the Commonwealth to file an answer

---

[4] Appellant also explained that "[t]he forensic report was not admitted into evidence at trial [or] introduced by the defense, and the forensic nurse was not called as a witness by the defense." (Second Amended PCRA Petition at ¶15).

within twenty days. Ultimately, the court conducted an evidentiary hearing on March 19, 2020. At that time, Appellant presented testimony from Dr. Rotolo about her review of the report.

On June 8, 2020, the court denied PCRA relief. Appellant timely filed a notice of appeal on July 8, 2020. On July 10, 2020, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on July 31, 2020.

Appellant now raises one issue for our review:

> Was trial counsel ineffective when said counsel failed to hire an expert sexual assault nurse examiner to review the report of a different sexual assault nurse examiner who performed an examination of the alleged minor victim and testify at trial on behalf of Appellant regarding his/her expert opinion regarding the findings of said report, when said expert defense testimony regarding the report would have revealed that, although the specific purpose of the examination performed at the behest of the Commonwealth, was to find forensic evidence supporting the offenses alleged against Appellant, the Commonwealth failed to obtain forensic evidence to support the offenses alleged against Appellant.

(Appellant's Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if

the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We do not give the same deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190 (Pa.Super. 2012).

On appeal, Appellant maintains that trial counsel was ineffective for failing to hire an expert SANE to review the examination report and testify at trial. Appellant asserts "[a]n expert witness, such as Dr. Rotolo, or some other expert SANE, would have inevitably been available to review the report, which was discoverable…." (Appellant's Brief at 15). Appellant asserts that Dr. Rotolo's review of the report demonstrated its exculpatory value. Specifically, Appellant emphasizes Dr. Rotolo's testimony that "there were no objective findings to support the allegation of penetration of the vagina." (***Id.*** at 17).

Further, Appellant argues there was no reasonable basis for trial counsel not to engage an expert, and counsel's failure to do so effectively "abandon[ed] any chance of securing objective, exculpatory, evidence in defense of [Appellant]." (***Id.*** at 19). Appellant contends he suffered prejudice as a result of trial counsel's inaction, because the admission of expert testimony would have cast reasonable doubt on the Commonwealth's allegations of forcible compulsion. Appellant concludes trial counsel was ineffective on these bases, and this Court must reverse the order denying PCRA relief. We disagree.

Pennsylvania law presumes counsel has rendered effective assistance. *Commonwealth v. Williams, K.*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams, K., supra*.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [**Kimball, supra**], we held that a "criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

**Commonwealth v. Chambers**, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002)

(some internal citations and quotation marks omitted).

Regarding counsel's preparation for trial:

Counsel has a general duty to undertake reasonable investigations or make reasonable decisions that render particular investigations unnecessary. Counsel's unreasonable failure to prepare for trial is an abdication of the minimum performance required of defense counsel. The duty to investigate, of course, may include a duty to interview certain potential witnesses; and a prejudicial failure to fulfill this duty, unless pursuant to a reasonable strategic decision, may lead to a finding of ineffective assistance.

**Commonwealth v. Johnson**, 600 Pa. 329, 350-51, 966 A.2d 523, 535-36

(2009) (internal citations and quotation marks omitted).

Regarding counsel's failure to call an expert witness:

To satisfy the arguable merit prong for a claim of ineffectiveness based upon trial counsel's failure to call an expert witness, the petitioner must prove that an expert witness was willing and available to testify on the subject of the testimony at trial, counsel knew or should have known about the witness and the defendant was prejudiced by the absence of the testimony. Prejudice in this respect requires the petitioner to show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Therefore, the petitioner's burden is to show that testimony provided by the uncalled witnesses would have been helpful to the defense.

**Commonwealth v. Williams, C.**, 636 Pa. 105, 137-38, 141 A.3d 440, 460

(2016) (internal citations, quotation marks, and footnote omitted).

Instantly, Dr. Rotolo testified at the PCRA hearing as an expert in the field of sexual assault forensic examinations. (**See** N.T. PCRA Hearing, 3/19/20, at 5). Dr. Rotolo explained the role of a SANE during a forensic examination: "A SANE nurse cannot say whether a sexual assault occurred or did not occur, just if there are any findings to support it or not." (**Id.** at 44). Regarding the victim in this case, Dr. Rotolo indicated she could not definitively determine whether the victim was sexually assaulted based upon the information in the examination report. (**Id.** at 33). Dr. Rotolo also stated that she makes "objective findings of penetration" in "[p]robably less than half" of all chronic sexual assault cases. (**Id.** at 34).

In evaluating Dr. Rotolo's testimony, the PCRA court concluded that Appellant did not suffer prejudice due to trial counsel's failure to present expert testimony:

> [Dr.] Rotolo testified that the forensic examination of December 8, 2016 was normal, with no acute or healed findings. There was no objective evidence of penetration and no evidence of sexually transmitted infections. She stated, however, that a normal examination does not rule out sexual assault. [Dr.] Rotolo could not say whether there was or was not sexual abuse. There may have been an assault and there could be a healing of the hymen a year later. It is possible there could be no injury from penetration. There are objective findings in less than half of chronic cases when penetration is alleged, such as this case. In the majority of cases, there are no objective findings and examinations are normal. [Dr.] Rotolo is not saying in this case that the child was or was not sexually assaulted.

> The absence of objective findings of assault could have been used by the defense at trial to support a claim that [Appellant] did not assault the child and to try to create a reasonable doubt. However, the jury could have reasonably concluded from the testimony of [Dr.] Rotolo, or another witness who would have offered like opinions, that the lack of objective findings from an examination conducted one year later did not help the defense. A normal examination does not rule out sexual assault and the witness could not say whether there was or was not sexual abuse.

(PCRA Court Opinion, dated June 4, 2020, at 5).

Here, the record supports the court's conclusion that the lack of objective findings from an after-the-fact forensic examination would not have changed the outcome of Appellant's trial. **See Conway, supra**; **Boyd, supra**. Although Appellant characterizes Dr. Rotolo's testimony as "exculpatory" throughout his appellate brief, such evidence is, at best, inconclusive as to Appellant's actual innocence. Under these circumstances, the court correctly concluded Appellant did not suffer prejudice due to trial counsel's inaction.[5] **See Williams, C., supra**; **Chambers, supra**. Accordingly, we affirm.

Order affirmed.

---

[5] Moreover, Appellant's PCRA filings did not include a signed certification from trial counsel addressing Appellant's claim. Likewise, trial counsel did not testify at the PCRA hearing. In this regard, Appellant's failure to proffer input from trial counsel renders him unable to satisfy the "strategic basis" prong for the ineffectiveness claims presented in his amended petitions. **See Commonwealth v. Roney**, 622 Pa. 1, 79 A.3d 595 (2013), *cert. denied*, 574 U.S. 829, 135 S.Ct. 56, 190 L.Ed.2d 56 (2014) (explaining petitioner offered no affidavit or other evidence as to what trial counsel did or did not investigate; petitioner provided no evidence as to what actions trial counsel took or failed to take; thus, any assertion that trial counsel had no reasonable basis for inaction was speculative).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  4/16/2021