J-S33024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHAUN C. WARRICK | : | |
| | : | |
| Appellant | : | No. 545 EDA 2022 |

Appeal from the PCRA Order Entered February 4, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004005-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHAUN C. WARRICK | : | |
| | : | |
| Appellant | : | No. 546 EDA 2022 |

Appeal from the PCRA Order Entered February 4, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004006-2011

BEFORE: KUNSELMAN, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.: **FILED APRIL 19, 2023**

Appellant, Shaun C. Warrick, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his first petition under the Post-Conviction Relief Act ("PCRA").[1] We affirm.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

In its opinion, the PCRA court fully and correctly set forth the relevant facts and procedural history of this case. (*See* PCRA Court Opinion, filed 4/25/22, at 1-5). Therefore, we do not restate them here.

Appellant raises the following issues for our review:

1. Did the PCRA court err in dismissing Appellant's PCRA petition without a hearing because trial counsel was ineffective and Appellant suffered prejudice because trial counsel failed to object to an erroneous jury charge in relation to first-degree murder which improperly conflated the concepts of specific intent to kill and malice?

2. Did the PCRA court err in dismissing Appellant's PCRA petition without a hearing because trial counsel was ineffective and Appellant suffered prejudice because trial counsel failed to request a cautionary instruction relating to other crimes/bad acts evidence wherein Appellant was alleged to have threatened witness Alicia Watkins regarding potential cooperation with police?

3. Did the PCRA court err in dismissing Appellant's PCRA petition without a hearing because trial counsel was ineffective and Appellant suffered prejudice because trial counsel failed to object to the trial court's incomplete jury instruction on consciousness of guilt when the court failed to instruct the jury that such evidence, by itself, is insufficient to sustain a guilty verdict?

4. Did the PCRA court err in dismissing Appellant's PCRA petition without a hearing because trial counsel was ineffective and Appellant suffered prejudice because trial counsel failed to object to the trial court's and prosecutor's remarks which improperly bolstered the Commonwealth's case?

5. Did the PCRA court err in dismissing Appellant's PCRA petition without a hearing because trial counsel was ineffective and Appellant suffered prejudice because trial counsel failed to investigate Appellant's potential defense that Appellant was at Traffic Court when the underlying crimes occurred?

6. Did the PCRA court err in dismissing Appellant's PCRA petition without a hearing because trial counsel was ineffective and Appellant suffered prejudice because the trial prosecutor deprived Appellant of a fair trial by engaging in racially improper jury selection which was highlighted by new access to such practices during the PCRA process?

7. Did the PCRA court err in dismissing Appellant's PCRA petition without a hearing because trial counsel was ineffective and Appellant suffered prejudice because trial counsel failed to object to the speculative testimony of Kelly Hunt that implicated Appellant?

8. Did the PCRA court err in dismissing Appellant's PCRA petition without a hearing because new evidence shows that the Commonwealth failed to disclose exculpatory materials from two of its key witnesses, Kiana Walker and Octavia Dugger?

9. Did the PCRA court err in dismissing Appellant's PCRA petition without a hearing because new evidence shows that multiple corrupt homicide detectives with a habit of corrupting the judicial process were involved in the investigation in Appellant's case and an evidentiary hearing and new trial are warranted because there are discovery and ineffectiveness issues associated with the failure to present this evidence at trial?

(Appellant's Brief at 4-6) (reordered for purpose of disposition).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d

74 (2007). We give no similar deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa.Super. 2012).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Glenn B. Bronson, we conclude Appellant's claims merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the claims raised. (***See*** PCRA Court Opinion at 5-26). Specifically, regarding Appellant's first issue, the court determined that trial counsel was not ineffective for failing to object to the court's instruction defining specific intent to kill and malice. Appellant claims the court conflated the two concepts, and argues that in cases of self-defense or voluntary manslaughter, a killing can be intentional but not with malice. Nevertheless, the court noted that self-defense and voluntary manslaughter were not at issue in this case so there was no possibility of confusion for the jury on the grounds alleged by Appellant. Moreover, the court's instruction accurately stated the law and tracked the exact language in the Pennsylvania Standard Criminal Jury Instruction.

With respect to Appellant's second issue, the court found that trial counsel was not ineffective for failing to request a cautionary instruction after Alicia Watkins testified that a few days after the shooting, Appellant told her that she "didn't have to say anything because they don't know nothing," in relation to speaking with the police. The court found that a cautionary

instruction about prior bad acts was unnecessary because Ms. Watkins did not testify that Appellant threatened her or intimidated her to prevent her from speaking with the police. While encouraging Ms. Watkins to stay silent evidenced consciousness of guilt, it was not a criminal act that required a Pa.R.E. 404(b) instruction.

Regarding Appellant's third issue, the court found no merit to Appellant's claim that trial counsel was ineffective for failing to object when the court did not instruct the jury that consciousness of guilt, by itself, is insufficient evidence for a conviction. Notably, the court did not suggest to the jury that they could convict based solely on consciousness of guilt but properly stated that it could be considered with all the other evidence in the case.

As it pertains to Appellant's fourth issue, the court found no merit to Appellant's claims of ineffective assistance regarding statements made by the court and the prosecutor that Appellant insists improperly bolstered the Commonwealth's case. Specifically, the court's comment instructing the jury not to converse with "anybody [who] is here to support the prosecution, family members of the decedent, for example" was in the context of cautioning jurors from speaking with anyone related to the case and did not serve to bolster the Commonwealth's case. Additionally, the prosecutor's comment to the Commonwealth witnesses to answer defense counsel's questions to the best of their ability did not improperly imply the prosecutor's personal belief that the Commonwealth's witnesses were credible.

Concerning Appellant's fifth claim that trial counsel failed to investigate Appellant's alibi evidence, the court noted that the fact that Appellant was at traffic court on the same day as the shooting did not preclude the possibility that Appellant had time to arrive at the scene of the murders. Further, Ms. Watkins testified that she accompanied Appellant to traffic court, where they remained for only approximately an hour and there were multiple eyewitnesses who placed Appellant at the scene of the murders.

With respect to Appellant's sixth issue, the court found that Appellant failed to establish that trial counsel was ineffective for failing to raise a **Batson**[2] challenge because the mere fact that the prosecutor noted the race and gender of the prospective jurors in his notes does not demonstrate actual purposeful discrimination. Further, there were no issues of race in the case, the final racial makeup of the jury was well balanced, and the prosecutor only utilized six of twenty preemptory strikes.

Regarding Appellant's seventh issue, the court determined that trial counsel was not ineffective for failing to raise a hearsay objection to Kelly Hunt's testimony that she overheard the decedent, Mercedes Ivery, speaking with Appellant on the phone prior to the murder. Ms. Ivery's statements were not offered for the truth of the matter asserted but as evidence of Appellant's state of mind and the court promptly instructed the jury to consider the

_____

[2] **Batson v. Kentucky**, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

evidence only for this purpose. Further, Appellant was not prejudiced by deficiencies in the prosecutor's form of questioning during Ms. Hunt's testimony because there is no indication that the prosecutor could not have elicited the same information even if trial counsel had objected.

With respect to Appellant's eighth issue, the court determined that Appellant did not suffer prejudice as a result of the Commonwealth's failure to disclose handwritten notes made by the prosecutor indicating that Kiana Walker and Octavia Duggar spoke to the prosecutor prior to the trial and stated that they did not see or remember anything from the shooting. Notably, Ms. Walker testified consistently at trial with the prosecutor's note, stating that she did not see the man leave the house where the killings took place, and that most of the information she recalled from the incident was based on information she received from a friend. Although the Commonwealth introduced an eyewitness account from Ms. Walker that she had provided to police, Ms. Walker disavowed that statement at trial. Thus, the handwritten note regarding the prosecutor's call with Ms. Walker stating that Ms. Walker did not see anything was substantially consistent with her in-court testimony, cumulative, and had little probative value. Additionally, it is clear from the totality of the notes regarding the prosecutor's conversation with Ms. Dugger, that Ms. Dugger's statement that she did not remember anything merely demonstrated an understandable reluctance to testify in court. Ms. Dugger's statement to the prosecutor that she did not remember anything was

inconsistent with her detailed statement to police and her trial testimony. While Appellant could have used the prosecutor's notes to impeach Ms. Dugger's testimony, the impeachment value would have been *de minimus*, and this evidence does not give rise to a reasonable probability that had the notes been disclosed, the outcome of trial would have been different.

Finally, the court found that Appellant is not entitled to relief based on after-discovered evidence of misconduct by various detectives involved in Appellant's case because the instances of misconduct cited by Appellant are unrelated to the instant case. Further, none of the witnesses in this case who were interviewed by these detectives claimed any kind of coercion or intimidation by police. Thus, Appellant's evidence of unrelated police misconduct would not likely result in a different verdict if a new trial were granted.

The record supports the PCRA court's findings. ***See Conway, supra***. Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/19/2023