J-S60044-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee, | : | |
| | : | |
| v. | : | |
| | : | |
| ROGER J. TIRADO, | : | |
| | : | |
| Appellant | : | No. 1741 EDA 2015 |

Appeal from the PCRA Order May 12, 2015,
in the Court of Common Pleas of Lehigh County,
Criminal Division, at No(s): CP-39-CR-0003589-2009

BEFORE:  SHOGAN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED OCTOBER 25, 2016**

Roger J. Tirado (Appellant) appeals from the order entered on January 23, 2015, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The facts underlying Appellant's conviction were summarized by the PCRA court as follows.

> On October 3, 2004, at approximately 8 p.m., Donald and Joanne Werkheiser were returning to their home located at 5566 Lanark Road, Center Valley, Lehigh County, Pennsylvania from an evening out. Upon their approach to their home, they noticed that the lower garage lights were on and that the curtains on the back door had been moved and the back door was open. Mr. Werkheiser went to his detached garage, where he had an auto body business, to retrieve a shotgun that he kept there. Mr. Werkheiser directed his wife to stay outside of the home while he went inside to check to see if anyone was in their home. Mr. Werkheiser noticed that the cellar light was on. He proceeded to

_____

* Retired Senior Judge assigned to the Superior Court.

the cellar and determined that his collection of guns (approximately 42) [was] missing. Mr. Werkheiser determined that the person or persons who had been in the home was [or were] still inside when the Werkheisers returned, based on the fact that his garage door was now slightly open and it had been fully closed when he initially approached the residence.

Mrs. Werkheiser immediately called the police and Mr. Werkheiser stood in their yard awaiting their arrival. Mr. Werkheiser observed that the kitchen door was broken and there was glass on the floor. The kitchen area had been ransacked and the storm door was propped against one of the kitchen walls. In the kitchen were four long guns, which were located in the cellar prior to the Werkheisers going out for the evening. Approximately $7,000 in cash was also missing from one of the drawers in the kitchen. Mrs. Werkheiser observed a smoked butt of a cigarette on her kitchen floor, approximately 2 feet from where the long guns were propped against the kitchen wall. Neither Mr. nor Mrs. Werkheiser smoke[s]. Additionally, the cellar area was ransacked and jewelry, a glove, a bank containing old coins, and a can with half-dollars were also missing from the Werkheiser home.

After they arrived, the police officers investigated the crime scene. Officers were able to observe a trampled down grass path leading from the back door, through the garden, ending at a parking lot of a dentist's office adjacent to the Werkheiser property. Within the property, Sunoco commemorative coins were located and taken into evidence.

On October 3, 2004, at approximately 8:30 p.m., Ruth Berghold returned to her home located at 5310 West Hopewell Road, Upper Saucon Township, Lehigh County, Pennsylvania. As she entered her kitchen, she immediately realized that her house had been broken into. She saw that the kitchen door was damaged and items had been placed on her kitchen table. Further, she realized that her bedroom doors were opened. She immediately called the police. As she entered her breezeway, she saw that the back door was open. On the dining room table, Ms. Berghold located a strong box which had been under her bed. She found a tackle box, normally kept in the breezeway, on her bed. Ms. Berghold was also missing approximately $60, jewelry and collector's edition Sunoco coins, which were originally located on the kitchen window sill. It appeared that

- 2 -

check boxes had been gone through and left on the floor in the bedroom and a VCR had been removed from the television stand in one of the bedrooms. A two way flashlight was relocated from the house to the breezeway area. The police collected evidence from this scene also.

Although various pieces of evidence were collected from each crime scene, the police were unable to develop any fingerprints on any of the evidence. Detective Thomas Nicoletti, of the Upper Saucon Township Police, testified that two burglaries in the township on the same day was highly unusual.

On January 6, 2009, Detective Nicoletti was informed that DNA had been identified on the cigarette butt found in the Werkheiser's kitchen and that a suspect had been developed from a DNA data base. Detective Nicoletti traveled to Berks County to meet with [] Appellant, identified as the possible suspect, and to collect buccal swabs from him. Michael Biondi, an expert forensic scientist specializing in DNA profiling, compared the DNA on the cigarette butt found at the Werkheiser residence and the sample taken from [] Appellant via short tandem repeat analysis, *i.e.* testing the DNA at sixteen (16) genetic areas. Mr. Biondi determined, to a reasonable degree of scientific certainty, that the DNA contained on the cigarette butt matched [] Appellant's DNA on the buccal swabs "such that the probability of randomly selecting an unrelated individual exhibiting this combination of DNA types is approximately 1 in 8.7 sextillion from the Caucasian population, approximately 1 in 63 sextillion from the African American population, and approximately 1 in 470 quintillion from the Hispanic population."

PCRA Court Opinion, 5/11/2015, at 3-6 (citations and footnotes omitted).

On October 14, 2010, following a jury trial, Appellant was convicted of two counts each of burglary, criminal trespass, theft by unlawful taking, and receiving stolen property for the Werkheiser and Berghold home invasions. On December 6, 2010, Appellant was sentenced to an aggregate term of ten

to 40 years of incarceration.[1] Appellant was also ordered to pay restitution in the amount of $109,735. Appellant's timely-filed post-sentence motions were denied on April 8, 2011. On October 24, 2012, a panel of this Court affirmed Appellant's judgment of sentence, and on July 23, 2013, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Tirado*, 62 A.3d 464 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 70 A.3d 811 (Pa. 2013).

On April 29, 2014, Appellant timely filed a *pro se* PCRA petition. Counsel was appointed and, on August 27, 2014, an amended petition was filed. The PCRA court held a hearing on Appellant's claims on November 7 and 14, 2014. At the conclusion of the hearing, the court took under advisement the amended PCRA petition. On February 10, 2015, Appellant's counsel filed a letter brief with the court on Appellant's behalf. By order dated May 14, 2015, the PCRA court denied Appellant's PCRA petition. This appeal followed. The PCRA court did not order Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b), and none was filed.

Appellant raises two issues for our review.

1. Whether trial counsel was ineffective for failing to object to confusing and misleading jury instructions []?

---

[1] The record reflects that Appellant's initial sentence was vacated as illegal by court order dated February 4, 2011. Subsequently, Appellant was resentenced; however, the aggregate term of incarceration remains the same. Trial Court Opinion, 5/11/2015, at 1 n.6.

- 4 -

2. Whether appellate counsel was ineffective for failing to challenge the sufficiency of the evidence as it pertained to the Berghold charges?

Appellant's Brief at 6.

In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa. Super. 2007).

As Appellant's claims allege the ineffective assistance of trial and appellate counsel, we address those issues pursuant to the following well-settled principles of law. In reviewing the PCRA court's denial of such a claim, we bear in mind that counsel is presumed to be effective. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). To overcome this presumption, Appellant bears the burden of proving the following: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." *Id.* In this context, a finding of "prejudice" requires the petitioner to show "there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have

been different." **Commonwealth v. Stevens**, 739 A.2d 507, 512 (Pa. 1999). Appellant's claim will be denied if he fails to meet any one of these three prongs. **Martin**, 5 A.3d at 183.

Appellant first argues that trial counsel was ineffective for failing to object to the trial court's jury instructions. Appellant's Brief at 11-13. Appellant claims that "the way the court instructed the jury on the elements of the crime for two separate offenses conflated the elements of the crimes in such a way that was confusing and contributed to the [guilty] verdict." **Id.** at 12.

Preliminarily, we note that,

> when evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

**Commonwealth v. Antidormi**, 84 A.3d 736, 754 (Pa. Super. 2014) (citations omitted).

The complained of instruction here reads, in pertinent part, as follows.

> I am now going to charge you on the specific charges that have been made against the defendant. The Commonwealth has charged the defendant with two counts of each of the following offenses. One set of charges relates to the incident at the Werkheiser home, the other at the Berghold home. Rather than read burglary twice, and theft twice, and trespass twice, I am going to read each crime, the definition of each crime, once. But know that you must consider all of the counts separately and

that obviously, the case of the Werkheiser burglary is separate and apart from the case of the Berghold burglary. And you will need to consider all of these elements and the law with respect to both incidents. So just because you find charges on one, doesn't mean it automatically holds for the second case, regardless of what you determine about those charges.

N.T., 10/14/2010, at 37.

The court then proceeded to charge the jury as to each of the four crimes and used the phrase "Werkheiser residence and/or the Berghold residence" when referencing the location of the incidents. *Id.* at 37-45.

Upon review, we conclude that the trial court's jury instructions, read as a whole, clearly and adequately conveyed to the jury the applicable law with respect to burglary, criminal trespass, theft by unlawful taking, and receiving stolen property. Here, there was only one defendant, although there were two separate criminal incidents. The trial court was careful to note that the jury must evaluate all of the elements of the offense for each incident and render an independent verdict for each offense. N.T., 10/14/2010, at 37. The record does not evidence an abuse of discretion or an inaccurate statement of the law. Accordingly, because we hold that the record supports the PCRA court's conclusions that the jury instructions were proper, counsel cannot be deemed ineffective for failing to object. *Martin*, 5 A.3d at 183. Thus, Appellant's first claim fails.

Appellant next argues that appellate counsel was ineffective for failing to challenge on appeal the sufficiency of the evidence as it pertained to the Berghold home invasion. Appellant's Brief at 13.

- 7 -

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*Commonwealth v. Nahavandian*, 849 A.2d 1221, 1229–30 (Pa. Super. 2004) (citations omitted).

As noted above, Appellant was convicted of four separate crimes in connection with the Berghold home invasion: burglary, criminal trespass, theft by unlawful taking, and receiving stolen property. However, in the argument section of his appeal, Appellant fails to specify the element or elements of the crimes which he believes the evidence was insufficient to sustain a conviction. Moreover, he fails to cite to any relevant legal authority, or to the record. Accordingly, his underlying claim is waived as underdeveloped. *See Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (holding that failure to set forth the elements of the crimes of which an appellant was convicted, argue which specific elements were not

met, or make citation to legal authority in support of his claim, results in waiver of sufficiency-of-the-evidence claims).

However, even if this were not the case, our review of the record supports the PCRA court's conclusion that the evidence presented was sufficient to sustain Appellant's convictions as to the Berghold home invasion. As the PCRA court explained,

> [t]he victims in this case testified that their homes were broken into and items were stolen while they were out on the evening of October 3, 2004. Further they testified that they did not know, nor did they give permission to, [] Appellant [to enter their homes]. Evidence was presented that linked these two home invasion burglaries to each other. Ms. Berghold testified that Sunoco coins (in addition to other items) were stolen from her home and Detective Nicoletti testified that he recovered Sunoco coins from the property surrounding the Werkheisers' residence. While the police were unable to find evidence of [] Appellant's DNA at the Berghold residence, a smoked cigarette butt, later determined to contain [] Appellant's DNA, was found at the Werkheiser home. The Werkheisers were not smokers. Further, the jury was presented expert scientific testimony regarding the probability that the DNA found on the cigarette butt was that of [] Appellant. Therefore, if viewed in the light most favorable to the Commonwealth as verdict winner, the evidence presented and reasonable inferences derived from that evidence was sufficient to support the verdict rendered by the [j]ury.

PCRA Court Opinion, 5/11/2015, at 13.

"[W]hen reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence." **Commonwealth v. Widmer**, 744 A.2d 745 (Pa. 2000). However, "the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the

presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt." *Id.* (citation omitted). "The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review." *Id.*

We agree with the PCRA court that the inferences drawn by the jury in connecting Appellant to the Berghold home invasion through evidence recovered at the Werkheiser home invasion were reasonable, and that the evidence presented was sufficient to satisfy the elements of the crimes charged. Specifically, the Sunoco coins taken from the Berghold home earlier in the evening were discovered scattered around the Werkheiser house later that night, which could reasonably lead the jury to conclude that Appellant first burglarized the Berghold home and accidently left evidence from that crime at the Werkheiser house shortly thereafter. Accordingly, because the PCRA court's conclusions are supported by the record and free of legal error, we hold that the court did not err when it concluded that Appellant's ineffective assistance of counsel claim lacked arguable merit. *Martin*, 5 A.3d at 183. Because counsel could not be deemed ineffective for failing to raise a meritless issue, Appellant's second claim fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2016