J-S48010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS BOYER, | : | |
| | : | |
| Appellant | : | No. 3235 EDA 2017 |

Appeal from the PCRA Order September 14, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000302-2012

BEFORE:   DUBOW, J., MURRAY, J., and PLATT, J.*

JUDGMENT ORDER BY DUBOW, J.:          **FILED SEPTEMBER 06, 2018**

Appellant Dennis Boyer appeals from the Order denying the relief sought in his Petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.   Appellant challenges the legality of his sentence based on **Alleyne**.[1]  Because **Alleyne** cannot apply retroactively on collateral review, we affirm.

After a bench trial, the trial court found Appellant guilty of possessing a controlled substance with intent to deliver, possessing drug paraphernalia, and possessing a controlled substance.  On July 31, 2012, the court sentenced him to an aggregate term of three to six years' incarceration followed by two years' probation.  Appellant did not seek a direct appeal.  His Judgment of

_____

[1] **Alleyne v. United States**, 570 U.S. 99 (2013).

_____

\*   Retired Senior Judge assigned to the Superior Court.

Sentence became final on August 30, 2012. The U.S. Supreme Court decided *Alleyne* on June 17, 2013.

On July 29, 2013, Appellant filed a *pro se* PCRA Petition. After the appointment of counsel, he filed an amended Petition on February 9, 2017, challenging, *inter alia*, the legality of his sentence because of the application of a mandatory minimum sentence subsequently found to be unconstitutional. The court issued a Pa.R.Crim.P. 907 Notice on August 1, 2017, indicating its intent to dismiss the Petition without a hearing. On September 14, 2017, the PCRA court dismissed the Petition.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant raises the following issue for our review: "Was [ ] Appellant's sentence unconstitutional as he was subject to a mandatory minimum sentence?" Appellant's Brief at 8.[2]

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal

---

[2] Although not stated in his Statement of Questions Involved, Appellant argues in his Brief that trial counsel provided ineffective assistance of counsel for failing to raise the *Alleyne* claim at his sentencing or on direct appeal. He raised the same issue in his Rule 1925(b) Statement; it is, thus, not waived.

conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

The PCRA court cogently and thoroughly reviewed the applicable case law. ***See*** Tr. Ct. Op., dated 1/16/18 at 3-5. In sum, in ***Commonwealth v. Gibson***, 688 A.2d 1152, 1169 (Pa. 1997), the Court held that "trial counsel will not be deemed ineffective for failing to anticipate a change in [the] law." In ***Alleyne***, the U.S. Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. ***Alleyne***, 570 U.S. at 112-13. The Pennsylvania Supreme Court has held that ***Alleyne*** does not apply retroactively to cases pending on collateral review. ***Commonwealth v. Washington***, 142 A.3d 810, 819-20 (Pa. 2016).

In the instant case, the court sentenced Appellant on July 31, 2012, after a bench trial nearly one year **prior** to the decision in ***Alleyne***. Pursuant to ***Gibson***, counsel cannot be deemed ineffective for failing to anticipate a change in the law.[3] Further, as in ***Washington***, ***supra***, Appellant's case was no longer under direct review at the time the U.S. Supreme Court rendered ***Alleyne***. Because ***Alleyne*** cannot apply retroactively, Appellant's issue merits no relief.

---

[3] Appellant's claim for ineffective assistance of appellate counsel has no basis in fact since Appellant did not file a direct appeal and has not asserted that he had asked counsel to do so.

- 3 -

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/6/18