J-S31042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANDREW JONES :
:
Appellant : No. 1527 EDA 2017

Appeal from the PCRA Order May 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002562-2009

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.: **FILED OCTOBER 24, 2018**

Appellant, Andrew Jones, appeals from the May 3, 2017 Order, entered in the Philadelphia County Court of Common Pleas, dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The relevant facts and procedural history are, briefly, as follows. On August 31, 2009, Appellant shot and killed Bruce Lassiter outside a bar located at Bridge and Johnson Streets in Philadelphia. Two eye witnesses—Ashley Crump, who had known Appellant from the neighborhood for years, and Rodney Johnson—identified Appellant at the scene of the crime as the person who shot Lassiter.[1]

_____

[1] These witnesses also gave statements to the police after the crime.

The Commonwealth charged Appellant with First-Degree Murder, Firearms Not to be Carried Without a License, Carrying Firearms in Public in Philadelphia, Possession of an Instrument of Crime ("PIC"), and Prohibited Offensive Weapons.[2]

At Appellant's jury trial, Johnson and Crump testified. In addition, Police Officer Brian Stark of the Crime Scene Unit testified that when he processed the crime scene he recovered several items, including a bicycle; two spent shotgun shells; and a shotgun slug. Notably, the police did not recover a shotgun at the scene. The Commonwealth did not offer any shotgun, or other weapon, as evidence at trial.

Ballistician Kenneth Lay testified that the two fired shotgun shells recovered from the scene came from the same weapon—a 12 gauge shotgun. The shotgun shells had insufficient microscopic markings to permit identification.

Counsel stipulated that police submitted a DNA swab taken from the bicycle and the shotgun shells found at the scene to the DNA laboratory resulting in a finding of insufficient information to make any definitive conclusions.

On November 23, 2011, a jury convicted Appellant of First-Degree Murder and PIC. That same day, the court sentenced Appellant to life imprisonment on the First-Degree Murder conviction with a concurrent term

_____

[2] 18 Pa.C.S. §§ 2502(a); 6106(a)(1); 6108; 907(a); and 908(a), respectively.

of 2½ to 5 years' incarceration for the PIC conviction. Appellant filed a timely Post-Sentence Motion, which the trial court denied on January 5, 2012. This Court affirmed Appellant's Judgment of Sentence on December 20, 2012,[3] and the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on June 7, 2013.[4]

On April 15, 2014, Appellant filed a timely *pro se* first PCRA Petition, in which he alleged that his counsel was ineffective for failing to investigate the DNA evidence taken from a shotgun discovered by police at 5221 Glenloch Street.[5] He averred that the Commonwealth withheld such evidence from him that would have been exculpatory if he had known of it at the time of his trial. He further contended that the trial court abused its discretion when it informed the jury that Rodney Johnson had identified Appellant as the shooter. *Pro Se* PCRA Petition, 4/15/14, at 4.

The PCRA court appointed counsel. On June 1, 2015, counsel filed a Motion for Post Conviction DNA Testing Pursuant to 42 Pa.C.S. § 9543.1.[6] Appellant requested DNA testing of the butt of the shotgun recovered at 5221

---

[3] *See Commonwealth v. Jones*, 64 A.3d 29 (Pa. Super. 2012) (unpublished memorandum).

[4] *See Commonwealth v. Jones*, 68 a3d 907 (Pa. 2013).

[5] Police recovered a shotgun from a second-floor closet in a home at 5221 Glenloch Street. Upon his arrest, Appellant told the police that he lived next door, at 5219 Glenloch Street.

[6] The PCRA court docketed this Motion as a Supplemental Amended PCRA Petition. It did not enter a separate Order disposing of this Motion.

Glenloch Street and a bandana found wrapped around it, as well as the shotgun shells recovered from the scene of the crime. He alleged that there was no physical evidence connecting Appellant to the crime and that "should the testing of the above material reveal DNA from someone other than [Appellant], the innocence of [Appellant] would be established at a *prima facia* [*sic*] *level*." Motion-DNA Testing, 6/1/15, at 2 (unpaginated) (emphasis in original).

On May 10, 2016, the Commonwealth filed a Motion to Dismiss, asserting that Appellant was ineligible for relief pursuant to 42 Pa.C.S. § 9543.1(a)(1) because DNA technology existed at the time of his 2012 trial. In the alternative, the Commonwealth averred that Appellant was not entitled to DNA testing because neither the absence of his DNA from this shotgun and the shells, nor the presence of someone else's DNA would have exculpated him.

On May 11, 2016, Appellant filed a counseled Amended PCRA Petition, alleging that trial counsel was ineffective for failing to secure a DNA test of certain evidence, including a bandana, shotgun, and shotgun shells recovered at the scene. Amended PCRA Petition, 5/11/16, at 2 (unpaginated). He further alleged that the Commonwealth had provided trial counsel with this

evidence, and that "a DNA test would have given [Appellant] strong proof of innocence of the offenses."[7] *Id.*

On June 23, 2016, Appellant filed a Response to the Commonwealth's Motion to Dismiss his Petition for Post-Conviction DNA Testing. He disputed the Commonwealth's claim that the shotgun found at 5221 Glenloch Street was not the shotgun used in the crime. That same day, Appellant also filed a Supplemental Amended PCRA Petition, claiming his trial counsel was ineffective for failing to cross-examine firearms expert witness Kenneth Lay as to his opinion about whether the shotgun recovered by police was the one used in the crime, and the fact that the DNA examination of the shotgun showed that Appellant's DNA was not on it. In the alternative, Appellant averred that his counsel was ineffective for failing to call Lay as a defense witness.

On February 6, 2017, the Commonwealth filed a Motion to Dismiss Appellant's Supplemental Amended PCRA Petition. The Commonwealth argued that Appellant's trial counsel was not ineffective because he had an objectively reasonable basis for not questioning the firearms expert about whether the shotgun recovered from 5221 Glenloch Street was the one used to kill the victim. Additionally, the Commonwealth noted that the Commonwealth did not present the shotgun as evidence at trial because it

---

[7] On May 31, 2016, in response to Appellant's May 11, 2016 Amended PCRA Petition, the Commonwealth filed a Motion to Dismiss [Appellant's] Petition for Post-Conviction DNA Testing that appears to be identical to its May 10, 2016 filing of the same name.

could not be connected to the instant crime, so there would have been no reason for Appellant's trial counsel to question the expert about it. Motion to Dismiss, 2/6/17, at 4-5.

On April 5, 2017, the PCRA court issued a Pa.R.Crim.P. 907 Notice of Intent to Dismiss Appellant's PCRA Petition without a hearing. Appellant did not file a Response to the PCRA court's Rule 907 Notice. On May 3, 2017, the PCRA court dismissed Appellant's PCRA Petition.

Appellant filed this timely appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

[] Did the [PCRA] court err in denying [A]ppellant an evidentiary hearing when [A]ppellant raised a material issue of fact that trial defense counsel was ineffective in failing to introduce physical and DNA evidence proving [A]ppellant's innocence of the crimes?

Appellant's Brief at 2.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if the record supports them. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the

enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2): a constitutional violation; ineffective assistance of counsel; an unlawfully induced plea; improper obstruction by governmental officials; a case where exculpatory evidence has been discovered; an illegal sentence has been imposed; or the tribunal conducting the proceeding lacked jurisdiction. *See* 42 Pa.C.S. § 9543(a)(2)(i)-(viii). Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3).

Appellant claims his trial counsel was ineffective for failing to introduce evidence at trial that the shotgun recovered by police from a residence on the block where the murder occurred did not contain his DNA. Appellant's Brief at 7. In particular, Appellant avers that there was strong circumstantial evidence that the shotgun found in 5221 Glenloch Street was the gun used to kill the victim, and direct evidence that his DNA was not present on it. He further avers the absence of his DNA on the shotgun proves that he did not kill the victim. He concludes, therefore, that his trial counsel was ineffective for not offering this evidence to show that he did not kill the victim. We disagree.

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [A]ppellant." ***Id.*** To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular

course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002).

Appellant's claim that his trial counsel was ineffective lacks merit. Appellant does not offer any proof in support of his claim that the shotgun found at 5221 Glenloch Street was the murder weapon. Further, the Commonwealth did not introduce that weapon because it could not show that that particular shotgun was the murder weapon. *See* Commonwealth's Motion to Dismiss, 2/6/17, at 4-5; Commonwealth's Brief at 11.

Significant to this ineffectiveness claim, trial counsel's strategy rested on the absence of any murder weapon or other physical evidence linking Appellant to the murder. Thus, it was objectively reasonable for Appellant's counsel not to bring up the existence of the shotgun found at the house next to Appellant's.

Moreover, two eyewitnesses, one of whom had known Appellant for four years, identified him at the scene, in subsequent statements to police, and at trial, as the shooter. Even if Appellant had proven that his trial counsel's strategy lacked an objectively reasonable basis, Appellant has failed to prove

that, but for counsel's alleged ineffectiveness, the outcome of Appellant's trial would have been different. Thus, Appellant's claim fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/18