J-S71025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
JOSE GONZALEZ, :
:
Appellant : No. 892 EDA 2018

Appeal from the PCRA Order February 26, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0502372-2005

BEFORE: PANELLA, J., DUBOW, J., and NICHOLS, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED MARCH 28, 2019**

Appellant, Jose Gonzalez, appeals from the Order entered in the Philadelphia County Court of Common Pleas denying the relief sought in his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Appellant challenges the legality of his sentence based on ***Alleyne v. United States***, 570 U.S. 99 (2013). Because ***Alleyne*** cannot apply retroactively on collateral review, we affirm.

On March 2, 2012, after a three-day trial, a jury found Appellant guilty *in absentia* of Possession of a Controlled Substance With Intent to Deliver ("PWID"), Possession of an Instrument of Crime, and Criminal Conspiracy.[1] That same day, the court imposed an aggregate term of 5 to 10 years' incarceration. The trial court applied the mandatory minimum sentencing

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S. § 907; and 18 Pa.C.S. § 903, respectively.

provision set forth in 18 Pa.C.S. § 7508 ("Drug trafficking sentencing and penalties"). **See** N.T. Trial, 3/2/12, at 4-5.

Appellant did not file a post-sentence motion or a direct appeal. Thus, Appellant's Judgment of Sentence became final on April 2, 2012, upon expiration of the time to file a direct appeal.[2] **See** Pa.R.A.P. 903(a); Pa.R.Crim.P. 720(A)(3).

On April 19, 2012, Appellant *pro se* filed a PCRA Petition, his first. The court appointed counsel on March 4, 2013. The U.S. Supreme Court decided **Alleyne** on June 17, 2013.

Appellant filed a counseled Amended Petition on September 20, 2017,[3] challenging the legality of his sentence because of the application of a mandatory minimum sentence subsequently found to be unconstitutional. On February 26, 2018, after giving proper notice, the PCRA court dismissed Appellant's PCRA Petition without a hearing.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant raises the following issue for our review: "Did the [l]ower [c]ourt err in failing to grant PCRA relief as when the Appellant was sentenced he was subject to an unconstitutional mandatory minimum sentence?" Appellant's Brief at 7.

_____

[2] April 1, 2012, was a Sunday. **See** 1 Pa.C.S. § 1908 ("Computation of time").

[3] The record does not indicate a reason for appointed counsel's 4½-year delay between his court appointment and the Amended Petition, aside from his June 2017 attempts to obtain transcripts from an unavailable court reporter.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

On June 17, 2013, the U.S. Supreme Court held in ***Alleyne*** that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. ***Alleyne***, 570 U.S. at 114-15. The Pennsylvania Supreme Court has held that ***Alleyne*** does not apply retroactively to cases pending on collateral review. ***Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016).

In the instant case, the court sentenced Appellant on March 2, 2012, one year and three months **prior** to the decision in ***Alleyne***. As in ***Washington***, Appellant's Judgment of Sentence was final when the U.S. Supreme Court decided ***Alleyne***. Because ***Alleyne*** cannot apply retroactively, Appellant's issue merits no relief.[4]

---

[4] Appellant relies on ***Commonwealth v. DiMatteo***, 177 A.3d 182 (Pa. 2018), which is easily distinguishable. In ***DiMatteo***, the timely PCRA petitioner's judgment of sentence was not yet final on the date of the ***Alleyne*** decision. ***Id.*** at 192.

The record supports the PCRA court's findings and its Order is otherwise free of legal error. Accordingly, we affirm.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/19