J-S43020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRAD ALLEN MOYER | : | |
| | : | |
| Appellant | : | No. 367 MDA 2019 |

Appeal from the PCRA Order Entered January 30, 2019
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001340-2015

BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 13, 2019**

Appellant, Brad Allen Moyer, appeals from the January 30, 2019 Order entered in the Schuylkill County Court of Common Pleas denying his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we dismiss this appeal.

The facts and procedural history are largely immaterial to our disposition.  Briefly, on May 28, 2015, Appellant assaulted his parents, with whom he lived, and fled the family home.  Appellant's father called 911, and state troopers were dispatched to the residence.  The troopers canvassed the area, but did not find Appellant.

Later, after the troopers had left the Moyer residence, they observed a car driving at a high rate of speed directly towards them, necessitating that they drive off the side of the road.  The oncoming vehicle, later identified as being driven by Appellant, collided with the police vehicle behind the driver's

_____
*   Former Justice specially assigned to the Superior Court.

side door. Initially, Appellant resisted the troopers' attempt to take him into custody. Eventually, however, they handcuffed Appellant and took him to the hospital for evaluation. Both troopers suffered abrasions and bruises from the crash.

As a result of this series of incidents, the troopers arrested Appellant.[1] Following an April 7, 2016 trial, the jury convicted Appellant of two counts each of Aggravated Assault by Attempting to Cause Serious Bodily Injury, Aggravated Assault by Attempting to Cause Serious Bodily Injury with a Deadly Weapon, Simple Assault, and Recklessly Endangering Another Person.[2] On May 17, 2016, the trial court sentenced Appellant to an aggregate term of 9 to 22 years of incarceration.[3]

On July 12, 2017, this Court affirmed Appellant's Judgment of Sentence. *See **Commonwealth v. Moyer***, 175 A.3d 374 (Pa. Super. 2017) (unpublished memorandum). On January 8, 2018, the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal. ***See Commonwealth v. Moyer***, 178 A.3d 107 (Pa. 2018). Appellant did not seek

---

[1] The Commonwealth charged him at separate docket numbers for: (1) the offenses arising from Appellant's assault on his parents; and (2) the offenses arising from his crash into the state troopers' vehicle. Claude A. L. "Cal" Shields, Esquire, represented Appellant at trial.

[2] The trial court also found Appellant guilty of Criminal Mischief as a Summary Offense.

[3] Appellant filed a Post-Sentence Motion, which the trial court granted in part. For reasons not relevant to this appeal, the trial court ultimately reinstated Appellant's original sentence.

further review of his Judgment of Sentence. Thus, Appellant's Judgment of Sentence became final on April 9, 2018. *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup.Ct. R. 13(1).

On October 8, 2018, Appellant *pro se* filed a PCRA Petition claiming, *inter alia*, that his trial counsel had been ineffective. On October 22, 2018, the PCRA court appointed counsel who, on December 6, 2018, filed an Amended PCRA Petition reiterating Appellant's ineffective assistance of counsel claims. On January 2, 2019, the PCRA court ordered the parties to file briefs; both Appellant and the Commonwealth complied with the court's Order.

On January 30, 2019, the PCRA court dismissed Appellant's Amended Petition without a hearing.[4] This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following three issues on appeal:

1. Whether the [PCRA c]ourt committed reversible error when it concluded that Appellant's trial counsel[,] Cal Shields[,] was not ineffective when he failed to show [] Appellant the video and audio recordings of the crime scene and if he had done so, it would have influenced [] Appellant to accept a plea rather than go to trial, and would have resulted in a lesser sentence.

2. Whether the [PCRA c]ourt committed reversible error when it concluded that Appellant's trial counsel[,] attorney Cal

---

[4] Generally, the PCRA court must provide notice of its intent to dismiss a PCRA Petition and provide the petitioner with twenty days in which to respond. Pa.R.Crim.P. 907(1). However, Appellant did not object to the PCRA court's failure to provide notice of intent to dismiss pursuant to Rule 907, rendering any argument on this issue waived. *Commonwealth v. Boyd*, 923 A.2d 513, 514 n.1 (Pa. Super. 2007).

Shields[,] was not ineffective when he failed to object to []
Appellant's two cases being tried together which resulted in
unfair prejudice from the jury that would not have occurred
had the cases been severed?

3. Whether the [PCRA c]ourt committed reversible error when it
concluded that Appellant's trial counsel[,] attorney Cal
Shields[,] was not ineffective when he failed to request a
mistrial the second time he objected to the prosecution's
closing argument?

Appellant's Brief at 5.

Before addressing the merits of Appellant's claims, we consider whether

he has properly preserved them. This Court's review indicates that the Brief

Appellant submitted to this Court fails to conform to the basic rules of

appellate advocacy. Appellant's Brief does not include a copy of Appellant's

Rule 1925(b) Statement or PCRA court's Opinion. **See** Pa.R.A.P. 2111. Most

notably, although Appellant has raised three separate allegations of his trial

counsel's ineffectiveness, his Appellant's Brief contains only one argument

section, which is devoid of any citation to case law or to the record. **See**

Pa.R.A.P. 2119 ("The argument shall be divided into as many parts as there

are questions to be argued; and shall have at the head of each part--in

distinctive type or in type distinctively displayed--the particular point treated

therein, followed by such discussion and citation of authorities as are deemed

pertinent"); Appellant's Brief at 9-13. "The Rules of Appellate Procedure state

unequivocally that each question an appellant raises is to be supported by

discussion and analysis of pertinent authority." **Eichman v. McKeon**, 824

A.2d 305, 319 (Pa. Super. 2003) (citations omitted). Furthermore, "[w]hen

issues are not properly raised and developed in briefs, when the briefs are

wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citations omitted).

Accordingly, we dismiss the appeal due to the substantial briefing defects in Appellant's Brief, which hampered our ability to conduct meaningful appellate review. ***See*** Pa.R.A.P. 2101.

Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/13/2019