J-S34011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM DONALD LEIGH | : | |
| | : | |
| Appellant | : | No. 1113 WDA 2018 |

Appeal from the PCRA Order Entered July 11, 2018
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000463-2014

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 04, 2019**

Appellant, William Donald Leigh, appeals from the Order entered July 11, 2018, denying his Petition for collateral relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

We glean the following factual and procedural history from this Court's February 3, 2016 unpublished memorandum and the certified record. This case arises from the sexual abuse perpetrated by Appellant on minor victim ("the Victim"). Appellant was the boyfriend of the Victim's mother ("Mother"). The Victim lived with Appellant, Mother, and Appellant's then-teenage daughter. According to the Victim, when she was between the ages of five and eight years old, Appellant repeatedly attempted to engage and actually engaged in sexual acts with her. On May 11, 2013, the Victim told her friend that Appellant "had sex" with her. The Victim's friend reported this

_____
*   Retired Senior Judge assigned to the Superior Court.

conversation to her mother, who then reported it to both Mother and the Victim's grandmother, Connie. Connie reported it to police, and police arrested Appellant.

At Appellant's trial on August 6 and 7, 2014, the Commonwealth presented testimony from the Victim; Mary Twomey, a nurse practitioner specializing in the care of sexually-abused children; and Shannon Cossaboom, an expert in conducting forensic interviews with children where sexual abuse is suspected. Cossaboom interviewed the Victim on May 30, 2013, in which the Victim provided details about the sexual acts that occurred between Appellant and the Victim. The Commonwealth played the recorded interview, and the court admitted it into evidence. Appellant presented a defense premised on, *inter alia*, a theory that the Victim was not a credible witness. He presented testimony from, *inter alia*, himself, Mother, Connie, and one of the Victim's babysitters, Crystal.

The jury convicted Appellant of two counts each of Involuntary Deviate Sexual Intercourse with a Child ("IDSI") and Attempted Rape of a Child, and one count each of Rape of a Child and Aggravated Indecent Assault of a Child.[1] *Id.* On November 21, 2014, the court sentenced Appellant to an aggregate term of 25½ to 51 years of imprisonment.

_____

[1] 18 Pa.C.S. §§ 3123(b), 901(a), 3121(c), 3125(b), respectively.

Appellant filed a Post-Sentence Motion, which the court denied. This Court affirmed the Judgment of Sentence. **Commonwealth v. Leigh**, No. 351 WDA 2015, unpublished memorandum at 19 (Pa. Super. filed Feb. 3, 2016).

On December 19, 2016, Appellant timely filed a *pro se* PCRA Petition, alleging that his trial counsel had been ineffective for, *inter alia*, failing to call Appellant's daughter as a witness. PCRA Petition, filed 12/19/16, at 4. He annexed affidavits from, *inter alia*, his daughter to his Petition. **Id.** at Exh. 3.

The court appointed counsel, and on October 6, 2017, the PCRA court held an evidentiary hearing, at which Appellant, his daughter, and his trial counsel, Mark Zearfaus, Esq., testified. Thereafter, the court denied Appellant's Petition. PCRA Opinion and Order, filed 7/11/18.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises a single issue on appeal: "[d]id the trial court err in denying Appellant's claims of ineffective assistance of counse[l]?" Statement of Question Involved, Appellant's Br. at 5.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Courts grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super.

2012). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). Moreover, "where a PCRA court's credibility determinations are supported by the record, they are binding on the reviewing court." ***Commonwealth v. White***, 734 A.2d 374, 381 (Pa. 1999).

Appellant contends that trial counsel was ineffective. We presume counsel is effective. ***Commonwealth v. Cox***, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. ***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015). In order to establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). A claim will be denied if the petitioner fails to meet any one of these prongs. ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009).

In his brief, Appellant contends that trial counsel was ineffective for failing to call his daughter as a witness.[2] Appellant's Br. at 7. Appellant asserts

---

[2] Appellant raised four additional claims of ineffective assistance of counsel in his PCRA Petition and Rule 1925(b) Statement but he has not raised or

that her testimony would have discredited the Victim, specifically statements the Victim made in the forensic interview with Cossaboom. *Id.* at 7-8. He asserts that his daughter was willing and able to testify at trial, but counsel was overconfident of an acquittal and did not believe it was necessary to call Appellant's daughter as a witness. *Id.* at 10-12.

In order to establish ineffectiveness of trial counsel for the failure to call a witness, a petitioner must establish:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Washington*, 927 A.2d 586, 599 (Pa. 2007).

At the PCRA hearing, Attorney Zearfaus testified that, although he believed that Appellant's daughter would have been a strong witness for the defense, and had encouraged her to testify, she had informed him before trial that she did not want to testify. N.T., PCRA Hearing, 10/6/17, at 55-56. Attorney Zearfaus could not recall the reason Appellant's daughter did not want to testify, but stated that he ultimately did not call Appellant's daughter as a witness because of the risks related to calling an unwilling witness, such

---

addressed them in his Brief. The four claims are, thus, waived. *See Commonwealth v. Heggins*, 809 A.2d 908, 912 n.2 (Pa. Super. 2002) ("an issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived."); Pa.R.A.P. 2116(a).

as the possibility of unexpected testimony harmful to the defense. *Id.* at 56-57.

In contrast, Appellant and his daughter testified that she was willing to testify on his behalf. *Id.* at 12, 33, 37, 39. Appellant's daughter denied telling Attorney Zearfaus that she did not want to testify, and recalled Attorney Zearfaus telling her there was a possibility she would not be needed as a witness. *Id.* at 40.

The PCRA court found Attorney Zearfaus's testimony more credible than that provided by Appellant and Appellant's daughter and, thus, concluded that Appellant's daughter was neither available, nor prepared, to cooperate and testify for Appellant at trial. PCRA Opinion and Order at 23.

The record supports the PCRA court's credibility finding, and thus, we defer to the court's credibility determination. *White*, 734 A.2d at 381. Because Appellant's daughter was not willing to testify for the defense, and trial counsel had a reasonable basis for not insisting that she testify, we conclude the trial court did not err in finding that trial counsel provided effective assistance of counsel

Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/04/2019