J-S20039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NADIA LASHAWN KNOTT | : | |
| | : | |
| Appellant | : | No. 1621 WDA 2018 |

Appeal from the PCRA Order Entered October 25, 2018
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000443-2016

BEFORE: GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED NOVEMBER 14, 2019**

Appellant, Nadia Lashawn Knott, appeals from the order entered in the Jefferson County Court of Common Pleas, which denied her first petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We reverse the PCRA court's order and vacate the underlying conviction and judgment of sentence for failure to comply with the Sexual Offender Registration and Notification Act ("SORNA").

The relevant facts and procedural history of this case are as follows. On October 15, 2009, Appellant pled guilty to criminal solicitation—indecent assault of a person less than 13. The court sentenced Appellant to 5 years' probation and required her to register as a sexual offender for 10 years under Megan's Law III at 42 Pa.C.S.A. § 9795.1(a) (effective December 8, 2008 to December 19, 2011).

In July 2016, police discovered Appellant had left the shelter registered as her address without notifying state police. On November 23, 2016, the Commonwealth charged Appellant with failure to comply with SORNA and its change-of-address requirements. On January 4, 2017, Appellant entered a plea to failure to register under SORNA. The court sentenced Appellant that same day to 5 to 20 years' imprisonment per the guidelines for repeat failure-to-register offenders. Appellant did not file a post-sentence motion or direct appeal.

On January 5, 2018, Appellant timely filed a *pro se* PCRA petition, and the court appointed counsel, who filed an amended PCRA petition on March 2, 2018. The amended PCRA petition argued Appellant was serving an illegal sentence due to the unconstitutional *ex post facto* application of SORNA to Appellant. The PCRA court held a hearing on June 28, 2018, and denied relief on October 25, 2018, stating Appellant was not entitled to relief under **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018), in the context of collateral proceedings. On November 9, 2018, Appellant timely filed a notice of appeal. The PCRA court, on November 15, 2018, ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on November 21, 2018.

Appellant raises the following issue for our review:

> WAS [APPELLANT'S] CONVICTION OF THE CRIME OF "FAILURE TO COMPLY WITH REGISTRATION

REQUIREMENTS" (18 PA.C.S.A. SEC. 4915.1(A.1)(2)) INVALID, AND THE JANUARY 4, 2017, SENTENCE FOR SAID CONVICTION OF, *INTER ALIA*, FIVE (5) YEARS TO TWENTY (20) YEARS INCARCERATION THEREBY RENDERED ILLEGAL, AS BEING IN VIOLATION OF BOTH THE CONSTITUTION OF THE COMMONWEALTH OF PENNSYLVANIA AND OF THE CONSTITUTION OF THE UNITED STATES WHERE THE ELEMENTS OF THE CRIME SHE WAS CONVICTED OF CAN ONLY BE ESTABLISHED BY PROOF THAT [APPELLANT] WAS THEN SUBJECT TO THE PROVISIONS OF PENNSYLVANIA'S SEX OFFENDER REGISTRATION AND NOTIFICATION ACT (SORNA) AND SAID CONVICTION RESULTED FROM RETROACTIVE APPLICATION OF SORNA'S REGISTRATION PROVISIONS IN VIOLATION OF THE *EX POST FACTO* CLAUSES OF BOTH CONSTITUTIONS?

(Appellant's Brief at 4).

Appellant argues SORNA increased her registration period from 10 years to 25 years and added additional registration requirements, which is an unconstitutional retroactive application of SORNA, where Appellant committed her underlying crime prior to SORNA's effective date. Appellant contends the retroactive application of SORNA invalidates her guilty plea and renders her sentence illegal. Appellant concludes this Court should reverse the PCRA court order and vacate her conviction and sentence for failure to comply with SORNA. We agree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101, 109 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if

the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa.Super. 2012).

A PCRA petitioner is eligible for relief if her conviction resulted from a constitutional violation. 42 Pa.C.S.A. § 9543(a)(2)(i). In July 2017, our Supreme Court declared SORNA unconstitutional, where it violates the *ex post facto* clauses of both the United States and Pennsylvania Constitutions. ***Commonwealth v. Muniz***, 640 Pa. 699, 164 A.3d 1189 (2017), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018). The ***Muniz*** court determined SORNA's purpose was punitive, despite the General Assembly's stated civil remedial purpose. ***Id.*** at 748-49, 164 A.2d at 1218. Therefore, a retroactive application of SORNA to past sex offenders violates the *ex post facto* clause of the United States Constitution. ***Id.*** SORNA also violates the *ex post facto* clause of the Pennsylvania Constitution because it places a unique burden on the right to reputation and undermines the finality of sentences by enacting increasingly severe registration law. ***Id.*** at 756-57, 164 A.2d at 1223. Further, ***Muniz*** created a substantive rule that retroactively applies in the collateral context. ***Commonwealth v. Rivera-Figueroa***, 174 A.3d 674, 678 (Pa.Super. 2017). A plea to failure to register under SORNA is unconstitutional and must be vacated, where the defendant

committed her underlying offense prior to the effective date of SORNA. *Commonwealth v. Wood*, 208 A.3d 131, 140 (Pa.Super. 2019) (*en banc*) (holding effective date of SORNA controls for purposes of *ex post facto* analysis).

Instantly, Appellant committed her underlying offense before the effective date of SORNA. In July 2016, police discovered Appellant had not notified state police of an address change. The Commonwealth charged Appellant with failure to register under SORNA. Appellant entered a plea to that offense, and the court sentenced Appellant to 5 to 20 years' imprisonment per the guidelines for repeat failure-to-register offenders. Appellant timely filed the current PCRA petition that the court denied after a hearing.

Here, SORNA increased Appellant's reporting requirements from 10 years to 25 years. *See* 42 Pa.C.S.A. §§ 9795.1(a)(1), 9799.14(c), 9799.15(a)(2). Further, SORNA added additional reporting requirements for transients; Megan's Law III had only the general reporting requirements. *See* 42 Pa.C.S.A. § 9799.16(b)(6). Therefore, application of SORNA registration requirements to Appellant violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions, and Appellant's plea is void because the statute Appellant pled guilty to is unconstitutional as applied to her. *See Muniz, supra*. Appellant is entitled to relief in the context of a first timely PCRA petition because her conviction resulted from an unconstitutional violation. *See* 42 Pa.C.S.A. § 9543(a)(2)(i); *Rivera-Figueroa, supra*.

Accordingly, we reverse the order denying PCRA relief and vacate the underlying conviction and judgment of sentence for failure to comply with SORNA.

Order reversed; conviction and judgment of sentence vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2019