J-A21028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GEORGE WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2201 EDA 2019 |

Appeal from the PCRA Order Entered July 17, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006521-2008

BEFORE: LAZARUS, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED SEPTEMBER 29, 2020**

Appellant, George Williams, appeals from the July 17, 2019 PCRA Order entered in the Philadelphia Court of Common Pleas dismissing as untimely his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Because Appellant fails to plead and prove an exception to the PCRA time-bar, we affirm the PCRA court's dismissal.

On October 13, 2010, a jury convicted Appellant of Second-Degree Murder and related charges for the shooting death of Derrick Ralston. On the same day, the trial court sentenced Appellant to, *inter alia*, a sentence of life imprisonment without the possibility of parole.

On December 3, 2012, this Court affirmed Appellant's Judgment of Sentence, and our Supreme Court denied allowance of appeal on June 7, 2013. *See Commonwealth v. Williams*, 58 A.3d 796 (Pa. Super. 2012), *appeal*

*denied*, 68 A.3d 908 (Pa. 2013)). Appellant did not seek further review of his Judgment of Sentence, which, thus, became final on September 5, 2013.[1]

On May 28, 2014, Appellant filed an initial PCRA Petition, which the PCRA court dismissed on April 22, 2016 without a hearing. On April 4, 2018, Appellant filed the instant PCRA Petition, his second, averring that trial counsel was ineffective for failing to file a motion to suppress evidence obtained from a warrantless search of Appellant's cell phone and failing to request two lesser included offense jury instructions. PCRA Petition, 4/4/18, at ¶ 9. Appellant also asserted that trial counsel's ineffectiveness violated his due process rights. *Id*. at ¶ 6. Finally, Appellant contended that a newly decided Pennsylvania Supreme Court case, ***Commonwealth v. Fulton***, 179 A.3d 475 (Pa. 2018)[2], should apply to him retroactively. *Id.* at ¶¶ 9, 14.

In response, the Commonwealth filed a Letter Brief maintaining that Appellant's PCRA Petition was facially untimely, Appellant failed to plead and prove an exception to the PCRA time-bar, and the PCRA court should dismiss the Petition as untimely. Letter Br., 12/3/18, at 1-5. Appellant filed a Response asserting that the PCRA court should not dismiss his Petition as

---

[1] ***See*** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13 (petition for writ of *certiorari* must be filed within 90 days of final judgment).

[2] In ***Fulton***, our Supreme Court held that accessing any information from a cell phone without a warrant violates a defendant's rights under the Fourth Amendment to the United States Constitution. ***Fulton***, 179 A.3d 479, 489 (Pa. 2018).

untimely because the decision in **Fulton** satisfies both the newly discovered fact and the newly recognized constitutional right exceptions to the PCRA time-bar. Response, 12/2/18, at 21-23. Appellant also averred, for the first time, that his first PCRA counsel had been ineffective for failing to raise ineffective assistance of trial counsel claims. **Id.** at 21, 22.

On June 12, 2019, the PCRA court issued a Notice Pursuant to Pa.R.Crim.P. 907 indicating its intent to dismiss Appellant's PCRA Petition without a hearing as untimely. Upon reviewing Appellant's Response, on July 17, 2019, the PCRA court dismissed Appellant's second PCRA Petition.

Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the PCRA court erred in finding that the PCRA Petition was not entitled to the exception to the one year timeliness requirement based on new facts unknown to Appellant.

2. Whether the **Fulton** decision holding that the warrantless search of a cell phone violates the fourth amendment is a new fact unknown to Appellant that satisfies the exception to the PCRA statute?

3. Whether the failure to give lesser included offense instructions on robbery and kidnapping were new facts unknown to Appellant establishing both ineffective assistance of counsel claims and denial of due process?

4. Whether, having found the PCRA Petition to be untimely, and therefore, that it lacked jurisdiction to hear the PCRA, the PCRA courts' findings on the merits of the due process claims and ineffective assistance of counsel claims were ultravires?

Appellant's Br. at 2 (renumbered and some capitalization omitted).

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

In order to obtain relief under the PCRA, a petition must be timely filed. *See* 42 Pa.C.S. § 9545 (providing jurisdictional requirements for the timely filing of a petition for post-conviction relief). A petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's Petition, filed over four years after his Judgment of Sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if an appellant pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2). Instantly, Appellant attempts to invoke the newly discovered fact and the newly recognized constitutional right exceptions to the PCRA time-bar. *Id*. at (b)(1)(ii), (iii). His attempts fail.

Despite Appellant's assertion that the *Fulton* decision is a newly discovered fact, our Supreme Court has unequivocally held that "subsequent

- 4 -

decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." ***Commonwealth v. Watts***, 23 A.3d 980, 987 (Pa. 2011).

Moreover, ***Fulton*** did not create a newly recognized "constitutional right" that the Supreme Court of the United States or the Supreme Court of Pennsylvania has held "to apply retroactively" as required by the Section 9545(b)(1)(iii) time-bar exception. In ***Fulton***, our Supreme Court held that accessing any information from a cell phone without a warrant violates a defendant's rights under the Fourth Amendment to the United States Constitution. ***Fulton***, 179 A.3d at 479, 489 (Pa. 2018). The Supreme Court did not hold that this decision applied retroactively.

Appellant also asserts that both trial counsel and PCRA counsel were ineffective, and that trial counsel's ineffectiveness violated Appellant's right to due process. However, "a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785 (Pa. 2000). Likewise, a due process claim does not circumvent the PCRA time-bar. ***See Commonwealth v. Edmiston***, 65 A.3d 339, 349 (Pa. 2013) (explaining, "the nature of the constitutional violations alleged has no effect on the application of the PCRA time[-]bar" and rejecting attempts to circumvent the PCRA time-bar with due process claims).

Appellant fails to plead and prove that his ineffective assistance of counsel claims and due process claims fall within any of the exceptions to the

PCRA's one-year filing requirement and, as such, fails to overcome the PCRA time-bar.

In conclusion, Appellant has not pleaded and proved the applicability of any of the PCRA's timeliness exceptions and, therefore, we are without jurisdiction to consider the merits of this appeal. The PCRA court properly dismissed Appellant's Petition. The record supports the PCRA court's findings and its Order is free of legal error. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/20